*In re* ELOY VERDEJO ROQUE, querellado.

*Número:* CP-97-2          *Resuelto:* 18 de marzo de 1998

*Edda Serrano Blasini, Subprocuradora General,* e *Yvonne Casanova Pelosi, Procuradora General Auxiliar,* querellantes; *José Ángel Cangiano,* abogado del querellado; *Ángel G. Hermida,* Comisionado Especial.

PER CURIAM: El 20 de marzo de 1997, el Procurador General de Puerto Rico presentó una querella ante nos contra el Lcdo. Eloy Verdejo Roque. Le imputó los cargos siguientes:

### CARGO I

El Lcdo. Eloy Verdejo Roque violó las disposiciones del Canon 12 [del Código] de Ética Profesional el cual, entre otras cosas, obliga a todo abogado a desplegar todas las diligencias necesarias para asegurar que no se causen indebidas dilaciones en la tramitación de causas y su pronta solución.

### CARGO II

El Lcdo. Eloy Verdejo Roque violó las disposiciones del Canon 18 [del Código] de Ética Profesional el cual, entre otras cosas, obliga a todo abogado a defender diligentemente los intereses de su cliente desplegando en cada caso su más profundo saber y habilidad y actuando en aquella forma en que la profesión jurídica en general estima adecuada y responsable.

### CARGO III

El Lcdo. Eloy Verdejo Roque violó las disposiciones del Canon 19 [del Código] de Ética Profesional el cual, entre otras cosas, obliga a todo abogado a mantener a su cliente informado de todo asunto importante que surja en el desarrollo del caso que le ha sido encomendado.

### CARGO IV

El Lcdo. Eloy Verdejo Roque violó las disposiciones del Canon 25 [del Código] de Ética Profesional el cual, entre otras cosas, obliga a todo abogado a obtener el permiso del tribunal antes de proceder a renunciar a la representación legal de su cliente.

El 21 de marzo 1997 se le ordenó al querellado contestar la querella aludida dentro de un término de 15 días a partir de la notificación de nuestra orden, la cual se hizo personalmente el 26 de marzo de 1997. Aunque el plazo para contestar la querella venció el 10 de abril de 1997, no fue hasta el 31 de julio de ese año —casi cuatro (4) meses después de vencido el plazo— cuando se recibió una contestación del querellado. En el interín, el 30 de junio de 1997, nombramos un Comisionado Especial, con instrucciones de que recibiera la prueba correspondiente y nos rindiera un

informe con sus conclusiones de hecho con respecto a la querella.

Luego de celebrados los procedimientos de rigor, el 12 de septiembre de 1997 el Comisionado Especial nos rindió su informe relativo a la querella de autos. Concluyó el Comisionado que todos los cargos formulados por el Procurador General contra el Lcdo. Eloy Verdejo Roque habían sido debidamente probados. Añadió que el licenciado Verdejo había desplegado "un comportamiento marcadamente descuidado en el cumplimiento de sus obligaciones para con sus clientes y para con el Tribunal Superior de Utuado. Además, su comportamiento en el trámite de la queja (luego querella) en su contra ante el Tribunal Supremo fue igual de descuidada".

En lo pertinente, el Comisionado Especial formuló en su informe las determinaciones de hecho siguientes:

2. El querellante original, Orealis Rodríguez, su esposa Rosanta Aulet, la sociedad de gananciales constituida entre ellos, y otras personas, fueron codemandadas en el Tribunal Superior de Utuado, en una acción por incumplimiento de contrato y daños y perjuicios. La demanda fue presentada el 5 de julio de 1984. ...

3. Los esposos Rodríguez-Aulet contrataron al aquí querellado, Lic. Eloy Verdejo Roque, para que los representara en dicho pleito. ... [P]or no haber el querellado presentado contestación a la demanda a nombre de sus clientes, el 29 de octubre de 1984 el Tribunal Superior anotó la rebeldía de éstos.

4. El 30[de] abril [de] 1985[, dicho foro] dictó sentencia en rebeldía condenando solidariamente a los demandados ... a resarcir a los demandantes en la suma de $9,200 por daños y sufrimientos, más la suma de $500.00 en honorarios de abogado.

5. El Lic. Verdejo compareció por primera vez ante el Tribunal Superior de Utuado mediante "Moción solicitando se deje sin efecto sentencia al amparo Regla 49.2", fechada 18 de junio de 1985 y recibida en dicho Tribunal el 20 de junio. Admitió que "al ser emplazados" los esposos Rosanta Aulet y "Aurelí Doe", ellos habían comparecido a su oficina y lo habían contratado

para que contestara la demanda.([1]) Alegó que había procedido inmediatamente a contestar la demanda, pero que no podía asegurar cuál había sido el destino que corrieron los sobres que contenían la contestación. Significativamente, no sometió copia de esa supuesta contestación a la demanda junto con su moción de relevo de sentencia. En la propia moción de relevo el Lic. Verdejo admitió que hubo en el caso "negligencia excusable" de parte suya. El Tribunal Superior declaró sin lugar la moción de relevo de sentencia.

6.   Según se alega en la querella del Procurador General, y está admitido por el querellado, el caso en el Tribunal Superior de Utuado se encuentra en etapa de ejecución de sentencia. Está igualmente admitido que mientras el Lic. Verdejo representó al Sr. Rodríguez en el caso, nunca enteró a su cliente de los incidentes [de éste], y que, a pesar de que el Lic. Verdejo fue informado por el Sr. Rodríguez de la existencia de testigos disponibles para refutar las alegaciones de la demanda, el Lic. Verdejo nunca entrevistó ni utilizó dichos testigos.

7.   El señor Rodríguez, representado en esa etapa por el Lic. Jaime Rivera Sotomayor, presentó ante el Honorable Tribunal Supremo una queja contra el Lic. Verdejo el 9 de abril de 1996, motivada por el comportamiento del Lic. Verdejo en el caso de Utuado antes reseñado. Dicha queja fue notificada al Lic. Verdejo el 22 de abril de 1996, y el Tribunal le concedió diez (10) días para exponer sus comentarios y reacciones. ... [Posteriormente, ante la repetida inacción del Lic. Verdejo, el Tribunal Supremo le concedió a éste tres prórrogas para someter su contestación a la queja aludida.]

8.   No fue hasta el 13 [de] agosto [de] 1996 (más de un mes después de vencida la tercera prórroga) que el Lic. Verdejo presentó a este Honorable Tribunal su contestación a la queja en su contra, junto con un escrito pidiendo se aceptara dicha contestación a pesar de la misma ser tardía. Es de notar que dicha contestación (un documento a maquinilla de tres páginas tamaño legal, con el epígrafe formal que normalmente se usa en documentos judiciales, y titulado "Réplica a querella"), no obstante no tiene fecha, ni firma (ni espacio para ella) en ningún sitio, no indica la dirección del Lic. Verdejo, y tampoco contiene la terminación formal usual de un documento oficial de ese tipo, ni certificación de notificación al Lic. Rivera. Ciertamente dicho

---

([1]) Varios documentos de la primera parte del caso en el Tribunal Superior de Utuado se refieren al Sr. Orealis Rodríguez como "Aurelí Doe", por motivo de que en esa etapa los demandantes no conocían su nombre correcto. La moción de relevo de sentencia del licenciado Verdejo sigue usando en algunos sitios el apellido ficticio "Doe", aunque en otros identifica a su cliente como Aurelí Rodríguez.

documento da la impresión de que al mismo le faltan la página 4 y cualesquiera otras siguientes. Así lo entendió la Oficina del Secretario de este Honorable Tribunal, que el 15 de agosto le informó al Lic. Verdejo que a su contestación le faltaban páginas. El Lic. Verdejo nunca contestó dicha comunicación de la Oficina del Secretario.

9. En una conferencia ante el Comisionado Especial, el Lic. Rivera informó que el querellante original no tenía interés alguno en continuar con este caso, y que había sido resarcido por todos los daños que se le hubiesen podido causar por los actos que motivaron la queja contra el Lic. Verdejo. En particular, informó que su cliente había recibido un cheque por la suma de $8,000.00, el cual éste había aceptado a su entera satisfacción en compensación por dichos daños. El señor Orealis Rodríguez confirmó personalmente lo anterior.

Posteriormente, el representante legal del querellado, el Lic. Cangiano aceptó a nombre de éste que no había controversia en cuanto a los hechos que se expresaban en la querella presentada por el Procurador General, y que el querellado admitía dichos hechos, aunque no las conclusiones de la querella. (Escolios omitidos.)

## I

Reiteradamente hemos resuelto que un abogado que acepta un caso y luego no demuestra la competencia y diligencia que exige el ejercicio de la abogacía y tampoco mantiene al cliente informado de los desarrollos del caso, incurre en una violación seria a la ética profesional. *In re Pérez Santiago*, 131 D.P.R. 676 (1992); *In re Acosta Grubb*, 119 D.P.R. 595 (1987); *In re Rosario*, 116 D.P.R. 462 (1985); *In re Pagán Ayala*, 115 D.P.R. 431 (1984); *In re Pérez Rodríguez*, 115 D.P.R. 810 (1984); *In re Rivera Carmona*, 114 D.P.R. 390 (1983); *In re Arana Arana*, 112 D.P.R. 838 (1982). Tan seria es la violación de la ética profesional en cuestión, que según hemos indicado antes, ésta "de ordinario ... amerita cuando menos una suspensión del ejercicio de la abogacía". *In re Rosario*, supra, pág. 467.

En el caso ante nos, no cabe duda alguna de que el querellado desatendió negligentemente la encomienda de

sus clientes. Si bien es cierto que el licenciado Verdejo los ha indemnizado por los daños que su conducta poco profesional les ha ocasionado, ello no lo dispensa de la violación ética en la cual él incurrió. El resarcimiento por el abogado a su cliente puede ser un atenuante, pero no precluye el ejercicio de nuestra jurisdicción disciplinaria. *In re Pagán Ayala*, 117 D.P.R. 180 (1986); *In re Acosta Grubb*, supra, pág. 604.

La conducta del querellado en el caso de autos es inexcusable y amerita nuestra censura y una suspensión temporera del ejercicio de la profesión.

Por los fundamentos expuestos, *se dictará sentencia para suspender al licenciado Verdejo Roque del ejercicio de la abogacía en Puerto Rico por un período de tres meses y hasta que otra cosa disponga este Tribunal.*

El Juez Asociado Señor Rebollo López disintió con una opinión escrita.

— O —

Opinión disidente emitida por el Juez Asociado Señor Rebollo López.

El día en que una persona presta el juramento como abogado ante el Tribunal Supremo le es concedido un gran privilegio: el de poder ejercer una profesión, honrosa por demás, que tiene una rica y extraordinaria tradición y que desempeña un importante papel en nuestra sociedad. Desde ese memorable día en adelante, los así juramentados podrán abogar por sus conciudadanos; es decir, defender los derechos de terceras personas, obligando a otros a cumplir con las obligaciones y responsabilidades que le impone a todo ciudadano la vida colectiva o en comunidad.

Ese privilegio, sin embargo, requiere de todos y cada uno de los abogados el compromiso inquebrantable y con-

tinuo de velar por el buen fucionamiento de nuestro sistema de justicia y, por ende, por el bienestar del país en general; ello así ya que —y sobre esto no debe haber la menor duda— el bienestar de la ciudadanía en general guarda relación directa con la buena o mala calidad de la justicia que se dispensa en nuestra tierra.

Ahora bien, nosotros los abogados, seres humanos al fin, cometemos errores. Naturalmente, no todo error o falta que comete el abogado amerita su suspensión o desaforo. Hay situaciones, sin embargo, que claramente son indicativas de que un abogado en particular *no* merece seguir ostentando el honroso título que le fue concedido el día en que juramentó como abogado ante este Tribunal; día, repetimos, en que le fue concedido el inmenso privilegio de poder defender los derechos de unas personas, sus clientes, contra los posibles desmanes de otros ciudadanos y/o del Gobierno.

Entre otras, nunca hemos podido entender ni condonar la situación en que un abogado, *en forma displicente y negligente*, desatiende la causa de acción que un cliente confió en sus manos con la esperanza de que se le hiciera justicia. Ello, a nuestro juicio, demuestra tal grado de insensibilidad que incapacita al abogado para desempeñar su honroso ministerio. No hay duda del hecho, el cual todos debemos entender, que los abogados no son "magos" que pueden tornar un caso indefendible en uno victorioso. Ello no obstante, el *esfuerzo* y la *dedicación* a la causa que le fue confiada, y que representa, *siempre* tienen que estar presentes.

Tampoco hemos podido entender la actitud de algunos abogados de desacatar abiertamente las órdenes de los tribunales. Los jueces, seres humanos igualmente, se pueden equivocar y emitir órdenes erróneas o injustas. Ahora bien, el hecho de que la orden emitida sea errónea *no* le da derecho al abogado a cruzarse de brazos e ignorar la misma. Precisamente, una fundamentada comparecencia

en tiempo ante el tribunal, de parte del abogado, le permitirá al foro judicial la oportunidad de corregir prontamente su equivocación. Ello redunda en el mejor funcionamiento del sistema.

En fin, ante este Tribunal llegan muchas quejas que son demostrativas de que el abogado querellado *no* tiene las cualidades necesarias para continuar desempeñándose como tal o que, sencillamente, *no* le interesa ser abogado. Disentimos en el presente caso por entender que la sanción impuesta por el Tribunal, *a la luz de la conducta observada por el aquí querellado*, no es lo suficientemente aleccionadora para éste.

I

Como surge de la opinión *per curiam* emitida por una mayoría de los integrantes del Tribunal en el presente caso, al Lcdo. Eloy Verdejo Roque le fue confiada la defensa de una demanda que, por incumplimiento de contrato y daños y perjuicios, fuera radicada contra los esposos Rodríguez-Aulet ante el antiguo Tribunal Superior de Puerto Rico, Sala de Utuado. El licenciado Verdejo Roque se cruzó de brazos y no compareció, en forma alguna, ante dicho foro judicial en defensa de los intereses de sus clientes. Ello tuvo la consecuencia de que el foro de instancia le anotara la "rebeldía" a los demandados Rodríguez-Aulet y dictara sentencia contra éstos, condenándolos a pagar a los demandantes la suma de nueve mil doscientos dólares ($9,200), más quinientos dólares ($500) por concepto de honorarios de abogado, sentencia que está actualmente en proceso de ejecución.

Le ordenamos al Procurador General de Puerto Rico que radicara la correspondiente "querella" contra el licenciado Verdejo Roque. En la misma se le imputó a dicho abogado la violación de cuatro (4) de los cánones del Código de Ética Profesional. El licenciado Verdejo Roque desatendió tres

(3) órdenes de este Tribunal en las cuales le ordenábamos que contestara la referida querella contra él radicada por el Procurador General. Finalmente, contestó la misma, de forma incompleta y con un retraso de aproximadamente cuatro (4) meses.

Surge del informe rendido por el Comisionado Especial que designáramos para que recibiera la prueba correspondiente que: el licenciado Verdejo Roque *nunca* brindó una explicación satisfactoria en relación con la conducta en que incurrió; *nunca* hizo una sola gestión ante el foro de instancia, previo a la sentencia, en favor de sus clientes; *nunca* siquiera entrevistó a los testigos que sus clientes le manifestaron podrían ser utilizados a su favor en el caso, y *nunca* les informó a sus clientes del *status* del caso.

Como surge de la opinión mayoritaria, el Comisionado Especial concluyó que el licenciado Verdejo Roque incurrió en un *"comportamiento marcadamente descuidado"* no sólo en cuanto a sus clientes, sino que en relación con sus obligaciones para con el tribunal de instancia y este Tribunal. La propia Mayoría reconoce que la conducta del mencionado abogado constituye "una violación seria de la ética profesional".

Es cierto que el licenciado Verdejo Roque le satisfizo a sus clientes, a modo de compensación, la suma de ocho mil dólares ($8,000) y que éstos manifestaron no tener interés alguno en continuar la queja radicada por ellos contra dicho abogado. *Ello no nos satisface.* En *primer* lugar, este Tribunal ha resuelto que "la responsabilidad civil que surge del incumplimiento de las obligaciones de un abogado para con sus clientes es separada e independiente del trámite disciplinario por infracción al Código de Etica". *In re Siverio Orta*, 117 D.P.R. 14 (1986); *In re Acosta Grubb*, 119 D.P.R. 595 (1987). En *segundo* término, la suma de ocho mil dólares ($8,000) resulta, a todas luces, insuficiente cuando consideramos que la sentencia dictada, la cual está siendo ejecutada en la actualidad, asciende a

nueve mil doscientos dólares ($9,200), *más* quinientos dólares ($500) por honorarios de abogados, *más* intereses.[1]

## II

Los miembros de la profesión *no* deben aceptar más casos de los que pueden atender en forma eficiente y adecuada. Esto *no* es un comercio. En otras palabras, el abogado *no* es un "comerciante del derecho" que presta unos servicios a cambio de unos honorarios. A diferencia de otras profesiones y ocupaciones, el éxito de una persona como abogado *no* se mide por lo abultado de su cuenta bancaria. Su éxito dependerá del respeto con que se le mire, el grado de consideración que merezcan sus consejos y si se le estima como ejemplo por sus conciudadanos.

Un abogado que alcanza este nivel de excelencia personal no sólo le da prestigio a la profesión a la cual dedica su vida, sino que obliga a los compañeros abogados a los que se enfrenta a diario a dar el máximo de sus habilidades, causando con ello que la justicia que se imparta en nuestra tierra sea de superior calidad. El éxito del abogado, en otras palabras, debe medirse por el grado de satisfacción personal que éste obtiene al saber que ha cumplido, en forma eficiente y satisfactoria, con la labor que le fue encomendada por el cliente que acudió a sus oficinas en busca de ayuda, orientación y justicia.

El licenciado Verdejo Roque, ciertamente, *no* se comportó a la altura de los antes mencionados principios. Por el contrario, dicho abogado demostró un *total desprecio* por los intereses de las personas que confiaron en él; *actitud negligente que raya en lo intencional.* Por otro lado, su no atención a los requerimientos de este Tribunal en el pre-

---

[1] Debe calcularse, además, la suma de dinero que los esposos Rodríguez-Aulet le adelantaron al licenciado Verdejo Roque al contratar los servicios de éste.

sente caso *no* es la primera ocasión en que así actúa dicho abogado.([2])

## III

Como expresáramos anteriormente, disentimos de la Opinión mayoritaria emitida por cuanto consideramos *insuficiente* la sanción que le impone la Mayoría al licenciado Verdejo Roque. Dados los hechos particulares del presente caso, suspenderíamos a éste de la práctica de la profesión de la abogacía por un término de un (1) año.

---

([2]) Conforme surge del expediente personal del licenciado Verdejo Roque —y según surge de un informe que, con fecha de 25 de septiembre de 1996, presentara el Procurador General de Puerto Rico ante este Tribunal en relación con una queja que contra dicho abogado radicara un ciudadano de nombre Pedro Jiménez— el referido abogado hizo *caso omiso* a varias órdenes emitidas por este Tribunal.