*In re* LUIS AMÉRICO AGUILA LÓPEZ, querellado.

*Número:* CP-99-8          *Resuelto:* 27 de septiembre de 2000

*Carlos Lugo Fiol, Procurador General, Edda Serrano Blasini, Subprocuradora General,* e *Yvonne Casanova Pelosi, Procuradora General Auxiliar; Lcdo. Luis A. López López,* del *Bufete Luis A. López López & Asociados,* abogado del querellado; *Flavio E. Cumpiano Villamor,* Comisionado Especial; *Lcdo. Luis Américo Aguila López, pro se.*

PER CÚRIAM: Examinadas las determinaciones de hechos formuladas por el Comisionado Especial, así como la com-

parecencia del querellado, sobre las alegadas violaciones a los Cánones 6, 18 y 35 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, se suspende a Luis A. Aguila López de la profesión de la abogacía por un periodo de un (1) año.

I

En el 1995 Herminio Miranda González le solicitó al Lcdo. Luis A. Aguila López que lo representara en un procedimiento administrativo sobre destitución, ante la Junta de Apelaciones del Sistema de Educación Pública (en adelante JASEP). El abogado presentó un escrito de apelación ante JASEP. El 18 de octubre de 1995 se señaló una conferencia sobre el estado de los procedimientos. A dicha conferencia Aguila López no compareció. Tampoco se excusó por la referida incomparecencia.

Tras varios incidentes procesales, JASEP emitió una orden, requiriendo que se mostrara causa por la cual no se debía desestimar la apelación por incomparecencia. A pesar de haberse notificado dicha orden al licenciado Aguila López, éste no la contestó.

Así las cosas, el 14 de febrero de 1996, JASEP desestimó la apelación y decretó el archivo del caso. El licenciado Aguila López no solicitó reconsideración en el término que establece la ley.(1) No fue hasta casi un (1) año después de dictada la resolución en virtud de la cual se desestimó la apelación, cuando Aguila López presentó ante JASEP una moción de reconsideración. Adujo en ésta, en síntesis, que no pudo comparecer a la conferencia sobre el estado de los procedimientos por estar viendo un caso ante el Tribunal de Distrito de Aguada, y que se había comunicado por teléfono con un funcionario de JASEP para excusarse. Tam-

---

(1) El Lcdo. Luis A. Aguila López arguye que cuando recibió la resolución desestimatoria preparó y firmó una moción de reconsideración y dio instrucciones a su personal para que presentara la referida moción. No obstante, Aguila López señala que desconoce las razones por las cuales la moción nunca fue presentada.

bién señaló que realizó varias gestiones para que se señalara el caso. JASEP emitió una resolución en la que dictaminó que no tenía jurisdicción para considerar la referida moción.

Luego de los procedimientos de rigor, se instó la correspondiente querella disciplinaria contra Aguila López. En su contestación a la querella, el abogado reprodujo los planteamientos esbozados en la moción de reconsideración presentada ante JASEP. Así, señaló que no pudo comparecer a la conferencia sobre el estado de los procedimientos por estar atendiendo otro caso y que se había comunicado por teléfono con un funcionario de JASEP para excusarse. También señaló que realizó, sin éxito, varias gestiones para lograr que se señalara el caso.

Posteriormente, el licenciado Aguila López presentó una contestación enmendada a la querella, en la que aceptó que no era cierta la información que expuso, tanto en la Moción de Reconsideración presentada ante JASEP, como en la contestación inicial de la querella. Aceptó, además, que no le prestó la atención ni la diligencia necesarias al asunto que su cliente le encomendó, ofreció sus excusas al cliente y a este Tribunal, y señaló que estaba dispuesto a asumir la responsabilidad por sus actos u omisiones. Finalmente, indicó que estaba en la mejor disposición de reparar el daño ocasionado a su cliente.

Este Tribunal, mediante resolución, nombró un Comisionado Especial para que recibiera la prueba correspondiente. Luego de varios incidentes procesales, se celebró la correspondiente vista. Con el beneficio del Informe presentado por el Comisionado Especial y la posición del querellado, estamos en posición de resolver.

## II

El Canon 18 del Código de Ética Profesional, *supra*, establece que todo miembro de la profesión legal

tiene el deber de defender los intereses del cliente diligentemente con un trato profesional caracterizado por la mayor capacidad, la más devota lealtad y la más completa honradez. Su gestión profesional debe llevarse a cabo aplicando en cada caso sus conocimientos y habilidades. Debe desempeñarse de una forma adecuada, responsable, capaz y efectiva. *In re Acosta Grubb*, 119 D.P.R. 595 (1987); *In re Roldán Figueroa*, 106 D.P.R. 4 (1977). Incumple un abogado con sus deberes éticos cuando luego de aceptar representar a un cliente, no hace gestión profesional alguna a favor de éste. *In re Pagán Ayala*, 115 D.P.R. 431 (1984).

En el presente caso no hay duda de que el querellado incumplió sus deberes éticos, pues no desplegó la responsabilidad, diligencia y competencia necesarias. La indiferencia, desidia, despreocupación e inacción caracterizaron la representación de su cliente ante JASEP. No compareció a la conferencia sobre el estado de los procedimientos celebrada en JASEP, ni contestó las órdenes y requerimientos que dicha junta le hizo en varias ocasiones. Se limitó el abogado a presentar una moción de reconsideración casi un (1) año después de que se desestimó la apelación ante JASEP. No debemos perder de vista que al prestar sus servicios profesionales ante organismos administrativos, el abogado debe observar los mismos principios de ética profesional que exige su comportamiento ante los tribunales. Canon 6 del Código de Ética Profesional, *supra*.

Además de incumplir con las referidas obligaciones éticas, el querellado Aguila López incumplió con su deber de sinceridad y honradez. La conducta de cualquier miembro de la profesión legal ante los tribunales, para con sus representados y en las relaciones con sus compañeros debe ser honrada y sincera. Canon 35 del Código de Ética Profesional, *supra*. No podemos pasar por alto el hecho de que tanto en la moción de reconsideración presentada ante JASEP, como en la contestación inicial a la querella, Aguila López proveyó información falsa con el propósito de excu-

sar su actuación incompetente. Al así actuar, violó el principio fundamental de que los abogados deben actuar en todo momento de forma honrada y sincera.

## III

El querellado incurrió en conducta profesional antiética al no comparecer ante los procedimientos de un organismo administrativo, y al incumplir las órdenes y los requerimientos de éste. Sus actos y omisiones, provocaron que se archivara la apelación que se presentó ante dicho organismo. Por otro lado, aunque el abogado rectificó su actuación y se excusó ante este Tribunal, no podemos perder de vista que Aguila López proveyó al organismo administrativo y a este Tribunal información falsa.

El hecho de que Aguila López haya aceptado que no le prestó la atención necesaria al asunto que su cliente le encomendó, y que haya ofrecido excusas, no es óbice para que ejerzamos nuestra función disciplinaria. Es una circunstancia atenuante pero no eximente de responsabilidad. Es evidente que las actuaciones de Aguila López violaron principios éticos fundamentales y causaron perjuicios a su cliente, por lo que procede suspender inmediatamente a Aguila López del ejercicio de la abogacía y la notaría en Puerto Rico por un periodo de un (1) año.

El querellado notificará a sus clientes que por motivo de la suspensión no puede continuar con su representación legal, y devolverá a éstos los expedientes de los casos pendientes y los honorarios recibidos por trabajos no realizados. Asimismo, informará de su suspensión a cualquier Sala del Tribunal General de Justicia o a cualquier foro administrativo donde tenga algún caso pendiente. Por último, tiene la obligación de acreditar y certificar ante este Tribunal, en el término de treinta (30) días, que se cumplió con lo antes señalado. El cumplimiento con estos deberes, deberá ser notificado también al Procurador General.

El Alguacil de este Tribunal se incautará inmediatamente de la obra y sello notarial del abogado de epígrafe para el trámite correspondiente por la Directora de la Oficina de Inspección de Notarías.

*Se dictará la sentencia correspondiente.*