*In re* SERAPIO LAUREANO MOLINA, querellado.

*Número:* CP-2001-10 *Resuelto:* 13 de enero de 2004

*Roberto J. Sánchez Ramos*, procurador general, parte quere-
llante; *Raúl Santiago Meléndez*, abogado del querellado;
*Agustín Mangual Hernández*, comisionado especial; *Geno-
veva Valentín Soto*, abogada de Servidores Públicos Uni-
dos; *Serapio Laureano Molina*, abogado del querellado;
*María Vázquez Pagán, Carmen Rodríguez Rivera* y *Ángel
Reyes Lucca*, querellantes.

PER CURIAM: La Oficina del Procurador General (Procura-
dor) presentó ante nos un informe sobre la conducta profe-
sional del Lcdo. Serapio Laureano Molina. Luego de varios
trámites procesales, le ordenamos al Procurador formular
la correspondiente querella, la cual fue instada el 25 de
septiembre de 2001. En ésta se le imputaron al abogado
querellado Molina tres cargos por violaciones a las dispo-
siciones de los Cánones 18, 19 y 20 del Código de Ética
Profesional, 4 L.P.R.A. Ap. IX.

Examinada la querella que instó el Procurador, así como
la contestación del licenciado Laureano Molina, designa-
mos al Hon. Agustín Mangual Hernández como Comisio-
nado Especial (Comisionado). Las partes no ofrecieron
prueba testifical y sometieron la controversia por el In-
forme de Conferencia entre Abogados (Informe).[1] El 1ro
de agosto de 2003 el Comisionado sometió su Informe. El
25 de septiembre, a tenor con lo dispuesto en la Regla 9(O)
del Reglamento del Tribunal Supremo de 1996, se le noti-

---

[1] Del Informe del Comisionado Especial surge, además, que las partes ofrecie-
ron copia de los autos del Caso Núm. AS-00-10-674, *María Vázquez Pagán v. Depar-
tamento de la Familia*, y el Caso Núm. AS-00-10-672, *María Vázquez Pagán v. De-
partamento de la Familia*. Ambos casos estuvieron ante la consideración de la Junta
de Apelaciones del Sistema de Administración de Personal (JASAP).

ficó a las partes que el caso se sometió en los méritos ante este Tribunal para su adjudicación. Las partes no comparecieron para expresarse sobre el Informe.

A continuación un resumen de los hechos conforme surgen del Informe y demás documentos que obran en autos.

I

El 18 de septiembre de 2000, la Unión de Servidores Públicos Unidos de Puerto Rico (Unión) contrató los servicios profesionales del licenciado Laureano Molina para que asesorara y representara a sus unionados. Conforme a ese contrato, el abogado asumió la representación legal del Sr. Ángel Reyes Lucca, la Sra. Carmen Rodríguez Rivera y la Sra. María V. Vázquez Pagán (querellantes) en el Caso Núm. AS-00-01-923 sobre una apelación ante Junta de Apelaciones del Sistema de Administración de Personal (JASAP), mediante la cual éstos le reclamaban a su patrono —el Departamento de la Familia— unos pasos por mérito.

El contrato entre la Unión y el abogado querellado cesó el 3 de noviembre de 2000, antes de que se adjudicaran las acciones ante JASAP. En consecuencia, la Unión le solicitó al abogado, mediante llamadas telefónicas a su Bufete Santiago-Meléndez, que le devolviera los expedientes que le habían referido. Éste no respondió al requerimiento. La Unión, entonces, se comunicó con la Federación de Maestros de Puerto Rico ya que, por información suministrada por el Bufete Santiago-Meléndez, el licenciado Laureano Molina trabajaba para esa organización. El abogado querellado tampoco respondió a los reclamos, por lo que la Lcda. Genoveva Valentín Soto, Directora de la División Legal de la Unión, remitió una segunda comunicación, esta vez al Plan de Salud de la Federación de Maestros de Puerto

Rico. A pesar de las gestiones realizadas, el abogado nunca se comunicó con la Unión ni con los querellantes.([2])

De los autos del caso AS-00-01-923 ante JASAP surge que el 11 de julio de 2000 se le concedió a los apelantes (aquí querellantes) —representados por el abogado querellado— diez días laborables para replicar a la oposición de la parte apelada, el Departamento de la Familia. Ese término se prorrogó el 17 de agosto de 2000. El 15 de noviembre de 2000 se les concedió un término de veinte días para que mostraran causa por la cual no debía desestimarse el recurso ante el incumplimiento de lo ordenado por JASAP en su Resolución de 11 de julio de 2000. El abogado querellante tampoco cumplió con esa orden; por consiguiente, el 6 de marzo de 2001 JASAP desestimó la apelación de los querellantes por abandono y falta de interés.

El 28 de marzo de 2001, el abogado querellado presentó una Moción Urgente Solicitando Reconsideración, en la cual pedía que se dejara sin efecto la desestimación del recurso de apelación ante la agencia.

El 2 de abril de 2001, JASAP acogió la moción y le concedió diez días adicionales al querellado para cumplir con la orden aún pendiente y dictada el 13 de noviembre de 2000. El querellado tampoco cumplió con esta orden y, finalmente, JASAP dictó una resolución el 10 de mayo de 2001 y la notificó el 16 del mismo mes, y en ella declaró sin lugar la moción de reconsideración. Ese 10 de mayo, el abogado querellado presentó una Moción en Cumplimiento de Orden, en la cual informó, entre otras cosas, que no había recibido la resolución que emitió JASAP el 2 de abril, mediante la que declaró "ha lugar" su Moción Urgente Solici-

---

([2]) Surge de los documentos que obran en autos que los tres querellantes efectuaron varias gestiones para comunicarse con el abogado para conocer el estado procesal de su caso, pero éste nunca les devolvió las llamadas al igual que tampoco les hizo entrega de sus respectivos expedientes. En el proceso de gestionar que el abogado les hiciera entrega de sus expedientes, la agencia administrativa desestimó sus respectivas acciones.

tando Reconsideración, debido a que se le había enviado a la dirección equivocada. No obstante, esa resolución se envió a la dirección que informó el abogado querellado en su Moción de Reconsideración de 28 de marzo de 2001. Cabe destacar que también el 10 de mayo de 2001, el abogado querellado presentó ante JASAP una moción para solicitar su relevo de la representación legal de los apelantes aquí querellantes.

Así las cosas, el abogado querellado acudió al Tribunal de Circuito de Apelaciones mediante un recurso de revisión en el Caso Núm. KLRA-01-00613, *Ángel Rivera y otros v. Departamento de la Familia.*

Ese tribunal denegó la solicitud mediante Resolución de 9 de marzo de 2002. El querellado acudió entonces a este Tribunal, mediante el recurso de *certiorari* en el Caso Núm. CC-2002-298, *Ángel Rivera y otros v. Departamento de la Familia.* Este recurso también fue declarado "no ha lugar" mediante Resolución de 17 de mayo de 2002.

## II

Reiteradamente hemos expresado que todo miembro de la profesión legal tiene el deber de defender diligentemente los intereses de su cliente con un trato profesional caracterizado por la mayor capacidad, lealtad, responsabilidad, efectividad y la más completa honradez. Su gestión profesional debe llevarse a cabo aplicando en cada caso sus conocimientos y habilidades. Canon 18 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX. Véanse, además: *In re Grau Díaz,* 154 D.P.R. 70 (2001); *In re Águila López,* 152 D.P.R. 49 (2000); *In re Acosta Grubb,* 119 D.P.R. 595 (1987).

A tenor con lo antes expuesto se puede colegir, con meridiana claridad, que el licenciado Laureano Molina incumplió con los deberes éticos exigidos por el citado Canon 18 cuando, luego de aceptar representar a los querellantes, no fue diligente en la defensa de sus intereses. Su negligencia

y desidia al ignorar la órdenes de JASAP y al no justificar sus incomparecencias fueron de tal naturaleza que la agencia no tuvo más alternativa que archivar la apelación de los querellantes por abandono y falta de interés. Aún así, la agencia le concedió al abogado querellado otra oportunidad al acoger su solicitud de reconsideración. Se le concedió término para que cumpliera con la orden aún pendiente de 13 de noviembre de 2000 y nuevamente hizo caso omiso a los requerimientos, lo que llevó a la agencia a declarar "no ha lugar" la solicitud de reconsideración. El abogado querellado también omitió notificarle a los querellantes que JASAP había desestimado su recurso de apelación por abandono y falta de interés ni les explicó las posibles consecuencias del dictamen.

Así, pues, el abogado querellado abandonó el caso de sus clientes y desatendió la encomienda que éstos le hicieron al grado de no informarles sobre los desacertados trámites que seguía la apelación ante JASAP. Los querellantes se enteraron de la desestimación del recurso de apelación por otras fuentes.(³)

▮ De otra parte, el Canon 19 del Código de Ética Profesional, *supra*, obliga a los abogados a mantener a sus clientes informados sobre todo asunto importante que surja en el trámite de los casos. *In re Cardona Ubiñas*, 156 D.P.R. 340 (2002); *In re Soto Colón*, 155 D.P.R. 623 (2001); *In re Rosario*, 116 D.P.R. 462, 466–467 (1985).

De los documentos que obran en autos, surgen los intentos, todos infructuosos, que tanto mediante conversaciones

---

(³) Sobre este particular, es menester señalar que de los documentos que obran en autos surge que el 4 de abril de 2001 uno de los querellantes, el señor Reyes Lucca, le informó a la licenciada Valentín Soto que él y los demás querellantes se habían enterado que su caso había sido desestimado por abandono y falta de interés. Al conocer esta situación, la licenciada Valentín Soto procedió a comunicarse nuevamente con el abogado querellado en el Bufete Santiago-Meléndez, en la Federación de Maestros de Puerto Rico y en el Plan de Salud sin recibir respuesta alguna. Incluso, la abogada le envió al querellado otra comunicación en la que se le requería coordinar una fecha para reunirse y aclarar la situación de los querellantes. Sin embargo, esa gestión también resultó infructuosa.

telefónicas como mediante carta se le hicieron al querellado conducentes a conocer el *status* del caso de los querellantes. No existe evidencia de que el abogado querellado hubiese efectuado gestión alguna dirigida a mantener a los querellantes informados del *status* de sus respectivas acciones, sino hasta el momento en que éstos acuden ante este Foro.

Sabido es que un abogado debe mantener informado a su cliente de las gestiones realizadas y del desarrollo de los asuntos a su cargo. *In re Acosta Grubb*, supra. "[*U*]*na sentencia ... [o dictamen de una agencia administrativa] que pone fin, parcial o adjudica totalmente la causa de acción[, es uno de] los asuntos a ser informados inmediatamente por el abogado al cliente.*" (Énfasis suplido.) *Colón Prieto v. Géigel*, 115 D.P.R. 232, 240 (1984).

 Finalmente, el abogado querellado también violó el Canon 20 del Código de Ética Profesional, *supra*, el cual, entre otras cosas, obliga a todo abogado a tomar aquellas medidas razonables que eviten causar perjuicio a los derechos de su cliente, tales como aconsejarle debidamente sobre la necesidad de una nueva representación legal cuando sea necesario, concederle tiempo para conseguir una nueva representación legal, aconsejarle sobre la fecha límite de cualquier término de ley que pueda afectar su causa de acción; la presentación de cualquier escrito, o el cumplimiento de cualquier otra disposición legal del tribunal al respecto.

 Una vez se acepta un cliente, un abogado no puede ni debe renunciar a esta responsabilidad sin antes obtener la aceptación del tribunal o de la agencia adjudicativa. Debe, además, tomar aquellas medidas razonables que sean necesarias para evitar se le causen perjuicios al cliente. *In re Acosta Grubb*, supra, pág. 603.

Los cargos contra el licenciado Laureano Molina revelan un patrón de descuido y negligencia en el cumplimiento de sus obligaciones como abogado, en perjuicio de sus clientes.

Las determinaciones de hecho del Comisionado demuestran que el licenciado incumplió su deber de ser diligente en la tramitación de sus casos, evitar indebidas dilaciones, mantener a sus clientes informados y renunciar a la representación legal de sus clientes por no poder atender adecuadamente sus intereses.

Ciertamente, su desempeño dista mucho de ser responsable, diligente y competente como lo exigen los cánones del Código de Ética Profesional que rigen a la clase togada.

## III

Por las razones anteriormente esbozadas, *se decreta la suspensión inmediata del ejercicio de la abogacía del Lcdo. Serapio Laureano Molina por el término de un año, a partir de la notificación de esta opinión. Se ordena al Alguacil de este Tribunal que proceda a notificar esta opinión "per curiam" y sentencia personalmente al licenciado Laureano Molina y a incautarse de su obra y sello notarial, para ser remitidos, examinados y oportunamente objetos de un informe por parte de la Oficina de Inspección de Notarías. Se le ordena, además, notificar a todos sus clientes de su presente inhabilidad de seguir representándolos, de devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los distintos foros judiciales y administrativos del país. Deberá certificarnos dentro de un término de treinta días, contados a partir de la notificación de esta opinión "per curiam" y sentencia, el cumplimiento con estos deberes, notificando también al Procurador General. Se le advierte que el incumplimiento con esta orden podrá reflejarse en la imposición de ulteriores sanciones.*

*Se dictará sentencia de conformidad.*

El Juez Asociado Señor Rebollo López reduciría la sanción a seis meses.