*In re* PETER DÍAZ SANTIAGO, querellado.

*Número:* CP-2002-8          *Resuelto:* 4 de marzo de 2005

*Roberto J. Sánchez Ramos*, procurador general, querellante; *Antonio Borrás Otero*, abogado de la parte querellada; *Ramón Gómez Colón*, comisionado especial; *Peter Díaz Santiago*, abogado querellado.

PER CURIAM: Peter Díaz Santiago fue admitido al ejercicio de la abogacía el 17 de enero de 1995 y al ejercicio del notariado el 10 de abril de 1995.

El 11 de diciembre de 2001 el Procurador General de Puerto Rico (Procurador General) sometió ante nuestra consideración un informe relativo a determinados actos impropios de Díaz Santiago en su quehacer profesional. Examinado el informe referido, el 12 de abril de 2002 le ordenamos al Procurador General que presentara la querella correspondiente, lo que éste hizo el 23 de mayo de 2002 al formular tres cargos contra Díaz Santiago.

Luego de concedérsele una prórroga para ello, el 16 de julio de 2002 Díaz Santiago compareció ante nos mediante su representación legal y negó los tres cargos que se habían presentado en su contra. En vista de tal contestación, el 30 de agosto de 2002 nombramos un Comisionado Especial para que condujese los procedimientos de rigor y nos presentase el informe pertinente sobre este asunto.

El 14 de mayo de 2004, el Comisionado Especial rindió su informe. Nos indicó que Díaz Santiago había aceptado como cierto lo imputado en los cargos primero y tercero (violó los Cánones 17 y 20 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, porque no solicitó permiso del tribunal para renunciar a la representación legal de su cliente en el transcurso de un pleito). Nos señaló, además, que encontraba probado el cargo segundo, que le imputaba a Díaz Santiago haber violado el Canon 18 del mismo Código, 4 L.P.R.A. Ap. IX, en vista de que el Tribunal de Primera Instancia desestimó un pleito en el que Díaz Santiago aparecía como representante legal de la parte demandante, al amparo de la Regla 39.2(b) de Procedimiento Civil, 32 L.P.R.A. Ap. III —sobre la inactividad de una parte— por

que Díaz Santiago hizo caso omiso de una orden de ese tribunal. El Comisionado Especial concluyó específicamente que Díaz Santiago *no había desplegado la diligencia debida* al no tramitar su renuncia a la representación legal de un cliente y provocar así *"que una demanda de daños presentada por él, fuera archivada por inacción".*

También determinó el Comisionado Especial que la actuación referida de Díaz Santiago le había causado daños económicos a su cliente, *que no le fueron compensados de forma alguna.* Añadió que si Díaz Santiago hubiese compensado al cliente por los daños sufridos como consecuencia del archivo de su caso, tal compensación hubiese sido pertinente al imponer las sanciones correspondientes.

El referido informe del Comisionado Especial le fue notificado a Díaz Santiago el 24 de mayo de 2004. El 9 de junio de ese año éste compareció mediante su abogado. Solicitó *inter alia* una prórroga para presentar sus objeciones al informe —que le fue concedida el 20 de septiembre de 2004— y se le apercibió, entonces, de que si no presentaba sus objeciones dentro de ese término, podría *"ser disciplinado sin más citarlo ni oírlo".* El 15 de octubre de 2004, Díaz Santiago nos solicitó otra prórroga para presentar sus objeciones al informe del Comisionado Especial. El 29 de diciembre de 2004 le volvimos a conceder una prórroga para ello.

Han transcurrido ya más de seis semanas desde que venció la última prórroga que le concedimos a Díaz Santiago para presentar sus objeciones al informe en cuestión sin que haya comparecido ante nos. Pasamos a resolver.

I

Reiteradamente hemos insistido en el deber que tiene todo abogado en defender *diligentemente* los intereses de su cliente según lo exige el Canon 18 del Código de Ética Profesional, *supra. In re Laureano Molina,* 161 D.P.R. 58 (2004); *In re Laborde Freyre,* 159 D.P.R. 697

(2003); *In re Grau Díaz*, 154 D.P.R. 70 (2001); *In re Aguila López*, 152 D.P.R. 49 (2000); *In re Arroyo Rivera*, 148 D.P.R. 354 (1999); *In re Verdejo Roque*, 145 D.P.R. 83 (1998); *In re Pérez Santiago*, 131 D.P.R. 676 (1992); *In re Acosta Grubb*, 119 D.P.R. 595 (1987).

Peter Díaz Santiago faltó a este deber al no renunciar debidamente a la representación legal de un cliente suyo en un pleito pendiente y al dar lugar a que se archivara por inacción el pleito en que representaba a su cliente. Sus omisiones fueron claramente negligentes.

■ También hemos señalado que la demora injustificada de un abogado en indemnizar al cliente por los daños que ha sufrido por la conducta impropia del abogado constituye *un agravante* porque refleja desidia, despreocupación, inacción y displicencia en el descargo de sus obligaciones éticas. Esa misma actitud del abogado hacia su cliente la ha demostrado Díaz Santiago también aquí con respecto a las prórrogas que este Tribunal le ha concedido para presentar sus objeciones al informe del Comisionado Especial.

Por todo lo anterior, *se decreta la suspensión inmediata de Peter Díaz Santiago del ejercicio de la profesión de abogado por el término de un año a partir de la notificación de esta opinión.*

*Se dictará una sentencia de conformidad.*