per curiam:
El 23 de marzo de 1987 la Sala de Humacao del antiguo Tribunal Superior de Puerto Rico dictó sentencia, en un caso sobre cobro de dinero y daños y perjuicios. En ésta ordenó a Teodoro Rosa Gabino, parte demandada, a pagarle $10,105 en concepto de daños y perjuicios, y $1,500 por honorarios de abogado, a Ana Lydia Martínez Rosado, su esposo Manuel Navedo Ortiz y a la Sociedad Legal de Gananciales compuesta por ellos.
Rosa Gabino no cumplió con el pago ordenado en la sentencia emitida por el tribunal. Martínez Rosado y Navedo Ortiz contrataron al Ledo. Julio César Colón Ortiz para que éste hiciera eficaz la sentencia recaída a favor de ellos. El 24 de agosto de 1988, el tribunal emitió una orden sobre la ejecución de sentencia, en la cual ordenó el embargo de un camión propiedad de Rosa Gabino. Posteriormente, se emitió el mandamiento de embargo correspondiente.
Con anterioridad a ello, el 14 de julio de 1988, Rosa Gabino alegadamente vendió el camión descrito a Rosa’s Block Center. El traspaso de la licencia del camión a favor de dicha Compañía se llevó a cabo el 15 de septiembre de 1988 y se registró en el Departamento de Transportación y Obras Públicas el 6 de octubre de 1988.
Así las cosas, el 30 de septiembre de 1988, varios alguaciles acudieron a Rosa’s Block Center para efectuar el embargo del camión. Una vez allí, los alguaciles se percataron de que la licencia del camión aparecía a nombre de Alejandro Rosa Gabino, hermano de la parte demandada y presidente de Rosa’s Block Center. Por dicha razón, no efectuaron el embargo. Sin embargo, el 3 de octubre de 1988, y a insistencias del licenciado Colón Ortiz, el tribunal ordenó nuevamente que se embargara el camión. Dicho embargo se diligenció el 5 de octubre de 1988.
El 14 de octubre de 1988, Rosa’s Block Center, en calidad de parte interventora, presentó una moción de nulidad de embargo en el pleito mencionado. No obstante, el 9 de noviembre de 1988, y aún pendiente dicha moción de resolución, se expidieron los edictos para vender en subasta pública el camión. Celebrada la subasta, el 30 de noviem *857 bre de 1988 se le adjudicó el camión a Martínez Rosado y a Navedo Ortiz.
Luego de subastado el bien, el tribunal celebró una vista para la moción de nulidad de embargo presentada por Rosa’s Block Center. Posteriormente, el 7 de febrero de 1989, el tribunal determinó que la subasta era nula por haberse efectuado antes de resolverse la moción de nulidad de embargo. En dicha resolución, el tribunal aclaró que no estaba pasando juicio sobre la validez del embargo ni sobre las alegaciones de que la venta del camión fuese en fraude de acreedores.
Por los hechos anteriormente expuestos, el 18 de agosto de 1989 Rosa’s Block Center presentó una demanda en el Tribunal Superior de Humacao sobre daños y peijuicios contra Martínez Rosado, Navedo Ortiz, la Sociedad Legal de Gananciales compuesta por ellos, José Alberto Lugo Negrón y el aquí querellado, licenciado Colón Ortiz, por el alegado embargo ilegal del camión. Dicha acción fue trasladada al entonces Tribunal Superior de San Juan.
El 28 de enero de 1991, los esposos Navedo-Martínez presentaron una demanda de coparte contra el licenciado Colón Ortiz. En ella, adoptaron todas las alegaciones formuladas en la demanda original y responsabilizaron al abogado de todo acto negligente y culposo que pudiera ser la causa del embargo ilegal. Solicitaron, además, resarcimiento por las angustias mentales sufridas como consecuencia de las actuaciones del licenciado Colón Ortiz. En la contestación a dicha demanda contra coparte, Colón Ortiz negó las alegaciones en su contra y sostuvo que ejercitó toda circunspección, pericia y cuidado en la etapa de ejecución de sentencia.
Pendiente el caso de resolución, los licenciados Tadeo Negrón Medero y Marcelino Meléndez Lafontaine presentaron una queja contra Colón Ortiz ante este Tribunal. Además de señalar la falta de comunicación entre dicho abogado y sus clientes, adujeron que éste había cobrado cincuenta por ciento en honorarios contingentes. Como prueba de ello, incluyeron copia de la moción de inhibición *858 presentada por el querellado, así como una copia de un cheque de $25,000 que alegadamente recibió Colón Ortiz de parte de Martínez Rosado y Navedo Ortiz. Además, acompañaron copia de una carta en la cual Martínez Rosado y Navedo Ortiz autorizaron a General Electric Capital Co. a entregarle a Colón Ortiz esa suma de dinero.
El 17 de febrero de 1995, Colón Ortiz contestó dicha queja. En ella, sostuvo que la alegada cuantía de honorarios nunca había sido objeto de controversia y que independientemente de ello, el licenciado Negrón Medero no tenía “standing” para argumentar dicho punto. Negó haber cobrado el cincuenta por ciento en honorarios contingentes y aseguró, por el contrario, haber cobrado el veinticinco por ciento. Solicitó que se dejara pendiente cualquier determinación al respecto hasta tanto se resolviera finalmente el caso civil pendiente.
El 31 de marzo de 1995, le concedimos término a los licenciados Negrón Medero y Meléndez Lafontaine para que reaccionaran a lo señalado por Colón Ortiz. En su comparecencia, ambos abogados sostuvieron que la “legitimidad” que tenían para presentar la queja contra el licenciado Colón Ortiz surgía tanto de la Regla 13 de este Tribunal, 4 L.P.R.A. Ap. XXI-A, como del Canon 38 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX. Plantearon que Colón Ortiz debió haber explicado la razón por la cual había procedido a vender el camión en subasta pública a sabiendas de que un tercero había impugnado el embargo y que el tribunal había tomado jurisdicción sobre dicha controversia. Posteriormente, este Tribunal paralizó los trámites disciplinarios hasta tanto recayera la sentencia en el caso civil presentado.
El 20 de junio de 1997, el tribunal de instancia emitió una sentencia en el caso para condenar a los demandados, por el embargo ilegal del camión, a pagarle al demandante Rosa’s Block Center la suma de $40,000 por los daños sufridos. Además, le ordenó a Colón Ortiz pagarle a Martí *859 nez Rosado y a Navedo Ortiz $3,000 por las angustias mentales sufridas como consecuencia del embargo ilegal.(1)
Resuelto definitivamente el caso, el 13 de noviembre de 2003, el Procurador General presentó una querella ante este Tribunal contra el licenciado Colón Ortiz. En ella le imputó a éste haber violado los Cánones 18 y 19 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX. Adujo que Colón Ortiz no tuvo comunicación alguna con Martínez Rosado y Navedo Ortiz, luego que éstos lo contrataran para ejecutar la sentencia contra Rosa Gabino y que por ello había faltado a su deber de mantener siempre informado al cliente de todo asunto importante que surgiera en el desarrollo del caso. De igual forma, sostuvo que Colón Ortiz no defendió los intereses de sus clientes al haber solicitado el embargo a sabiendas de que existía la posibilidad de que el bien perteneciera a un tercero. Luego de Colón Ortiz haber contestado la querella, el 24 de mayo de 2004 emitimos una resolución en la cual nombramos a la Honorable Ygrí Rivera de Martínez, ex juez del Tribunal de Apelaciones, para que en presencia de las partes y como Comisionada Especial, recibiera la prueba y rindiera un informe con sus determinaciones de hecho y recomendaciones. Resolvemos.
I
Reiteradamente hemos insistido en el deber que tiene todo abogado de defender diligentemente los intereses de su cliente, según lo exige el Canon 18 del Código de Ética Profesional, supra. In re Laureano Molina, 161 D.P.R. 58 (2004); In re Grau Díaz, 154 D.P.R. 70 (2001); In re Aguila López, 152 D.P.R. 49 (2000); In re Laborde Frey-re, 149 D.P.R. 59 (1999); In re Arroyo Rivera, 148 D.P.R. *860 354 (1999); In re Verdejo Roque, 145 D.P.R. 83 (1998); In re Pérez Santiago, 131 D.P.R. 676 (1992); In re Acosta Grubb, 119 D.P.R. 595 (1987).(2)
Una vez el abogado asume la representación profesional de un cliente, está obligado a mantenerlo informado de los asuntos importantes que surjan del caso segn las disposiciones del Canon 19, supra, el cual establece, en lo pertinente, que “[e]l abogado debe mantener a su cliente siempre informado de todo asunto importante que surja en el desarrollo del caso que le ha sido encomendado”. No hacerlo viola la ética profesional. In re Acosta Grubb, ante; In re Rosario, 116 D.P.R. 462(1985); In re Cardona Vázquez, 108 D.P.R. 6 (1978).
Hemos sostenido que “[e]l deber de informar al cliente es un elemento imprescindible de la relación fiduciaria del abogado y el cliente”. In re Alonso Santiago, 165 D.P.R. 555, 563 (2005); In re Hernández Nazario, 159 D.P.R. 63 (2003). Por consiguiente, hemos resuelto que cuando un abogado mantiene a su cliente ajeno a las incidencias de su caso, ello constituye una violación, no sólo al Canon 19, sino al proceso de impartir justicia en general. In re Laborde Freyre, ante.
II
Colón Ortiz sostiene que mantuvo a sus clientes informados del proceso judicial mediante carta de 27 de marzo de 1989. En dicha carta, Colón Ortiz le informó a sus clientes que Rosa’s Block Center había presentado una moción en auxilio de jurisdicción para solicitar la nulidad del embargo del camión y que dicha Compañía podía presentar una demanda por embargo ilegal. Le indicó, además, que el 6 de febrero de 1989 se celebró una vista sobre la moción *861 presentada por Rosa’s Block Center y que a raíz de lo allí acontecido, el tribunal sorpresivamente emitió una resolución en la cual declaró nula la venta judicial. Que por razón de dicha resolución, Colón Ortiz había apelado ante el antiguo Tribunal de Circuito de Apelaciones y que el costo de dicho escrito era aproximadamente de $5,000.
Del expediente surge que Colón Ortiz no se comunicó, ni mantuvo informado a sus clientes desde el día en que fue contratado, hasta la fecha de la referida misiva. Si bien es cierto que Colón Ortiz, mediante carta, le comunicó a sus clientes de lo acontecido en el caso, éste debió mantener informado a sus clientes, según surgían los sucesos y no al final de lo acontecido. La carta, traída por Colón Ortiz para refutar su alegada violación al Canon 19, supra, no hace más que confirmar dicha infracción, pues su fecha revela que Colón Ortiz no mantuvo informado a sus clientes según surgían los asuntos importantes del caso, sino que esperó hasta que el tribunal pasara juicio sobre la controversia para informar a su cliente de todo lo acontecido. Éste, además, presentó un escrito de apelación, sin consultarlo con sus clientes, para luego pretender cobrarles los honorarios por dicha gestión.
El deber de un abogado de mantener informados a sus clientes es continuo. Tan pronto supo de ello, Colón Ortiz debió haberle informado a sus clientes que el camión que habría de embargarse aparecía a nombre de un tercero y las consecuencias de proceder con dicho embargo. Dicha información no sólo era imprescindible, sino que pudo haber evitado los trámites judiciales posteriores que surgieron a raíz del embargo ilegal.
De todo lo anterior también surge que Colón Ortiz ciertamente no actuó con la diligencia y el saber que requiere el Canon 18, supra. Como reseñáramos, Colón Ortiz sabía que, cuando los alguaciles fueron a embargar el camión por primera vez, se toparon con que éste estaba inscrito a nombre de una tercera persona. No obstante, Colón Ortiz nuevamente solicitó el embargo del bien sabiendo las consecuencias que ello conllevaba. La mejor evidencia es la *862 determinación del tribunal de instancia, en la sentencia que emitió contra el querellado, a los efectos de que la intervención de Colón Ortiz fue negligente y la causa directa del embargo ilegal. Obviamente, las actuaciones de Colón Ortiz no fueron responsables, todo lo contrario, puesto que perjudicaron a sus clientes.
Opinamos que Colón Ortiz indudablemente infringió los Cánones 18 y 19 del Código de Ética Profesional, supra. No obstante, del expediente surgen varios atenuantes que influyen en nuestra resolución final del asunto. Primeramente, Colón Ortiz satisfizo la obligación que surgió de la sentencia recaída en su contra. A su vez, mediante el acuerdo de satisfacción de sentencia de 31 de octubre de 2002, Martínez Rosado y Navedo Ortiz relevaron al querellado de cualquier otra responsabilidad que pudiera surgir del caso. Tomamos en consideración, además, que Colón Ortiz nunca antes se había enfrentado a un procedimiento sobre conducta profesional y que se sentía profundamente consternado por la presentación de éste.
Por los fundamentos que anteceden, procede limitar la sanción disciplinaria a imponer al Ledo. Julio César Colón Ortiz a una fuerte censura y a apercibirlo de que, de incurrir en conducta similar en el futuro, conllevará la imposición de medidas disciplinarias más severas en su contra.

Se dictará Sentencia de conformidad.

El Juez Asociado Señor Fuster Berlingeri no intervino.

 Inconforme, Colón Ortiz acudió al Tribunal de Apelaciones. Dicho foro confirmó la sentencia del tribunal de instancia. En desacuerdo nuevamente, Colón Ortiz acudió ante este Tribunal mediante una petición de certiorari. El de 26 de abril de 2001 emitimos una Sentencia en la cual confirmamos la emitida por el Tribunal de Apelaciones.

 El Canon 18 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, establece, en lo pertinente, que es deber del abogado defender los intereses del cliente diligentemente, desplegando en cada caso su ms profundo saber y habilidad y actuando en aquella forma que la profesión jurídica en general estima adecuada y responsable.