*In re* MARÍA E. ARROYO RAMOS, querellada.

*Número:* AB-2002-166          *Resuelto:* 17 de abril de 2003

*Roberto J. Sánchez Ramos,* procurador general, e *Yvonne Casanova Pelosi,* procuradora general auxiliar; *Ángel N. Candelario Cáliz,* oficial investigador de la Comisión de Ética del Colegio de Abogados de Puerto Rico; *María E. Arroyo Ramos, pro se.*

PER CURIAM: El Sr. Arcadio Sosa presentó una queja en contra de la Lic. María E. Arroyo Ramos en la que en esencia le imputa no haber atendido diligentemente un caso para el cual había sido contratada. Examinado el Informe del Procurador General y la contestación de la licenciada Arroyo Ramos, se ordena a la abogada que devuelva el dinero cobrado por concepto de honorarios y se le amonesta por no realizar las gestiones para las cuales fue contratada por el Sr. Arcadio Sosa.

I

Los hechos que iniciaron este procedimiento se remontan a abril de 2000, cuando el Sr. Arcadio Sosa contrató los servicios de la licenciada Arroyo Ramos con el propósito de que se presentara una acción por incumplimiento de contrato contra un contratista. Para este objetivo, le adelantó quinientos dólares por concepto de honorarios. En vista de que pasó el tiempo y la licenciada Arroyo Ramos no había informado de ninguna gestión suya en torno al caso, el señor Sosa presentó, en abril de 2001, una queja ante el Colegio de Abogados. Acto seguido, el Colegio le requirió a la licenciada que se expresara en torno a ésta. La licenciada respondió al requerimiento en septiembre de 2001. Justificó su tardanza en contestar a problemas de salud de sus padres. En su contestación detalló las diferentes gestiones que había realizado encaminadas a conseguir una transacción extrajudicial. Solicitó del Colegio que le concedieran sesenta días para lograrlo. Dicha prórroga fue concedida y venció el 2 de diciembre de 2001.

En enero de 2002 el quejoso compareció nuevamente ante el Colegio de Abogados para informar que la licenciada Arroyo Ramos aún no había realizado gestión alguna respecto a su caso. El Colegio le requirió una respuesta a la licenciada, pero esta vez no obtuvo contestación.

Así las cosas, en julio de 2002 compareció ante nos el señor Sosa y alegó básicamente lo mismo que había alegado en la queja presentada ante el Colegio de Abogados en abril del año anterior. En respuesta a su querella se le ordenó al Procurador General que investigara y presentara el correspondiente informe.

Concluida la investigación correspondiente, el Procurador General confirmó que la licenciada Arroyo Ramos fue contratada por el Sr. Arcadio Sosa para que presentara una acción por incumplimiento de contrato contra un con-

tratista por no concluir unas obras de construcción. También encontró que con el propósito de presentar dicha acción, se le adelantó $500 a la licenciada Arroyo Ramos por concepto de honorarios. En su Informe, el Procurador General concluyó que habían transcurrido dos años desde que la abogada fue contratada y en ese tiempo el cliente no había recibido información sobre las gestiones realizadas en torno al caso. Por otro lado, de la contestación de la licenciada Arroyo Ramos se desprende que las gestiones realizadas por la abogada en dicho caso se limitaron a una investigación preliminar del área donde se efectuaba la construcción en controversia y unas gestiones extrajudiciales para lograr una transacción entre las partes. En su Informe el Procurador General también señaló que la licenciada Arroyo no ha mantenido a su cliente adecuadamente enterado de las gestiones realizadas, a tal punto que "han transcurrido dos años sin que el quejoso sepa a ciencia cierta cuál es el status de su caso". Finalmente, el Procurador General recomienda que se le ordene a la abogada que restituya al quejoso el dinero que se le adelantó y que ella ha ofrecido devolver.

Una vez recibido el Informe del Procurador General, se le concedió un término razonable a la licenciada Arroyo Ramos para exponer su posición. En su comparecencia ante este Tribunal la licenciada Arroyo Ramos acepta los hallazgos del Procurador General e igualmente se compromete para devolver los fondos adelantados por concepto de honorarios. En vista de que la abogada acepta las conclusiones hechas por el Procurador, no hay necesidad de designar un Comisionado Especial para que rinda un informe con sus determinaciones de hechos. Véanse: Regla 14(e) y (h) del Reglamento del Tribunal Supremo de Puerto Rico de 1 de mayo de 1996 (4 L.P.R.A. Ap. XXI–A); *In re Irizarry, González*, 151 D.P.R. 916 (2000). Por ende, procedemos a resolver sin procedimientos ulteriores.

## II

Al resolver la queja en el caso de autos partimos de la premisa que todo abogado tiene el deber de defender los intereses de su cliente de forma diligente y responsable, desplegando en todo momento su más profundo saber y habilidad. Canon 18 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX; *In re Osorio Díaz*, 146 D.P.R. 39 (1998); *In re Acosta Grubb*, 119 D.P.R. 595 (1987). Uno de los deberes que el abogado tiene que cumplir para representar a su cliente de forma responsable es mantenerlo informado de todo asunto importante que surja en el desarrollo del caso que le ha sido encomendado. Canon 19 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX.

Por otro lado, las relaciones entre abogado y cliente son de naturaleza fiduciaria, razón por la cual éstas deben estar basadas en la honradez y la fidelidad. Canon 23 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX; *In re Pereira Esteves*, 131 D.P.R. 515 (1992); *In re Rivera Carmona*, 114 D.P.R. 390 (1983); *In re Arana Arana*, 112 D.P.R. 838 (1982). Constituye un grave atentado a la relación fiduciaria entre abogado y cliente que el abogado retenga una suma de dinero que le adelantó el cliente por concepto de honorarios sin realizar la gestión a la cual se comprometió. *In re Ramírez Ferrer*, 147 D.P.R. 607 (1999); *In re Rivera Carmona*, supra; *In re Arana Arana*, supra. Por esta razón, hemos resuelto que incurre en falta al Canon 23 el letrado que despliegue esta conducta. *In re Pereira Esteves*, supra; *In re Rivera Carmona*, supra. Incurre, asimismo, en grave falta y violación de los Cánones 18 y 19 del Código de Ética Profesional, *supra*, el abogado que despliega dicha conducta. *In re Rivera Maldonado*, 143 D.P.R. 877 (1997); *In re Salichs Martínez*, 131 D.P.R. 481 (1992); *In re Rivera Carmona*, supra.

## III

En el caso de autos la licenciada Arroyo Ramos aceptó que recibió $500 por concepto de honorarios para instar una reclamación de cobro de dinero. Aceptó, además, que ésta nunca fue instada y que no hubo tampoco una transacción extrajudicial. Aunque en su respuesta al requerimiento hecho por el Colegio de Abogados alegó que hizo ciertas diligencias con el fin de obtener una transacción extrajudicial, éstas nunca fueron informadas al cliente. Concluimos, en consecuencia, que la conducta incurrida por la licenciada Arroyo Ramos violentó las disposiciones de los Cánones 18, 19 y 23 del Código de Ética Profesional.

Hemos reconocido que al determinar una sanción disciplinaria se tomarán en cuenta varios criterios tales como si es la primera falta, la aceptación de la falta, si se trata de una conducta aislada y cualesquiera otras consideraciones que puedan ser atenuantes de los hechos. Surge del expediente que la conducta desplegada por la licenciada Arroyo Ramos fue una aislada, de la cual ella asumiría responsabilidad y que, como ella explica, pudo haberse debido a su estado anímico como consecuencia de la enfermedad y eventual muerte de su padre. Además, la licenciada está de acuerdo con devolver los $500 cobrados por concepto de honorarios por servicios no rendidos. Por esta razón, le ordenamos reembolsar al Sr. Arcadio Sosa los $500 cobrados por ella.

No obstante lo anteriormente señalado, *somos del criterio que, dados los hechos particulares del caso, resulta procedente, como medida disciplinaria, amonestar severamente a la abogada por su falta de diligencia en el trámite de este caso y por desatender las cartas del Procurador General y del Colegio de Abogados, en las cuales se le solicitaba información sobre la queja presentada en su contra. Con esta amonestación se ordena el archivo de este asunto.*

*Se dictará sentencia de conformidad.*