per curiam:
Nos corresponde atender una querella contra un abogado que aceptó la representación legal de unos clientes para instar una demanda en daños y perjuicios que posteriormente fue desestimada por inactividad e incumplimiento con las órdenes del tribunal, sin que tal hecho fuera informado a sus clientes. Por considerar que la actuación del querellado se apartó de las normas éticas que rigen el ejercicio de la profesión, resolvemos que su conducta infringió los Cánones 9, 12, 18, 19 y 35 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX.
I
El querellado Carlos A. Vilches López (Vilches López) fue admitido al ejercicio de la abogacía el 1 de noviembre *796 de 1978 y al ejercicio del notariado el 22 de noviembre de 1978.
La Sra. Eneida Castillo Méndez y la Sra. Enid Ortiz Castillo (las querellantes) contrataron los servicios de Vilches López para que las representara en una reclamación de daños y perjuicios a causa de un accidente automovilístico en el que ellas y un menor sufrieron daños ascendentes a $726,000. Al momento de la contratación, las querellantes le adelantaron la cantidad de mil dólares para dar inicio al litigio.
Vilches López presentó la demanda ante el tribunal y diligenció los emplazamientos. No obstante, no hizo ninguna gestión oficial adicional. Como consecuencia de ello, el tribunal dictó una orden mediante la que le impuso sanciones. Al enterarse las querellantes de dicha orden, acudieron a la oficina de Vilches López para obtener una explicación. Este les informó incorrectamente que todo estaba bien y que sólo se trataba de una sanción económica que él mismo costearía. Posteriormente, y ante el persistente abandono del caso por parte de Vilches López, el Tribunal de Primera Instancia desestimó el caso según la Regla 39.2 de Procedimiento Civil, 32 L.P.R.A. Ap. III, por inactividad e incumplimiento con las órdenes del tribunal. Vilches López no notificó a las querellantes de dicha sentencia de archivo.
Así las cosas, las querellantes decidieron acudir al tribunal en donde, para sorpresa, advinieron en conocimiento de que su caso había sido desestimado. Como consecuencia, acudieron a la oficina de Vilches López para solicitar la entrega del expediente del caso. Ante la insistencia de las querellantes, Vilches López entregó el expediente incompleto. Finalmente, pidió disculpas y solicitó una oportunidad para presentar unas mociones.
Como consecuencia de lo anterior, las querellantes presentaron la queja de epígrafe en la que alegaron que Vilches López presentó una demanda y no hizo gestión oficial alguna, dejándolas sin causa de acción para reclamar por los daños sufridos a causa del accidente automovilístico. *797 Además, sostuvieron que Vilches López no las mantuvo informadas del status del caso y les creó falsas expectativas. Por otro lado, indicaron que Vilches López mintió ante este Tribunal al alegar que no había conseguido representación legal para el procedimiento disciplinario, cuando en realidad sí tenía abogado y éste estaba negociando un acuerdo transaccional con las querellantes.
Por su parte, Vilches López compareció ante este Tribunal y aceptó que cometió las faltas imputadas y atribuyó el incumplimiento con su deber ético al hecho de que su esposa había fallecido recientemente. Admitió que no hizo ninguna gestión adicional a la de presentar la demanda y gestionar los emplazamientos, por lo que la demanda se desestimó exclusivamente por su negligencia; que incumplió con su deber de mantener informadas a las querellantes en todas las etapas del pleito, y que les informó que su reclamación resultaría en indemnización económica. Ex-presó, además, su disposición para someterse al procedimiento disciplinario que este Tribunal estimara conveniente.
El Procurador General sometió ante nuestra consideración el Informe relativo a la referida queja contra Vilches López. En el mismo concluyó que se justificaba el inicio de un procedimiento disciplinario por entender que la conducta de Vilches López violentó los Cánones 9, 12, 18, 19, 35 y 38 del Código de Ética Profesional, supra.
Sometido el caso, estamos en posición de resolver.
II
En el Canon 18 del Código de Ética Profesional, supra, se establece que es deber de todo abogado defender los intereses de su cliente diligentemente, desplegando en cada caso su más profundo saber y habilidad, y actuando en aquella forma que la profesión jurídica en general es-time adecuada y responsable. Justamente, el deber ético exige actuar con el más alto grado de diligencia y competencia posible. In re Ortiz López, 170 D.P.R. 833 (2007); In *798 re Ortiz Morales, 166 D.P.R. 105 (2005). Por ende, sostenemos que todo abogado tiene la obligación de atender los intereses de sus clientes desplegando la mayor diligencia, celo y cuidado en los asuntos que le han sido encomendados. In re Laborde Freyre, 149 D.P.R. 59 (1999). Así, por ejemplo, constituye una violación a los Cánones 18 y 19 del Código de Ética Profesional, supra, cuando un abogado retiene una suma de dinero que se le entregó en concepto de honorarios sin realizar la gestión a la cual se comprometió. In re Arroyo Ramos, 159 D.P.R. 284 (2003); In re Rivera Carmona, 114 D.P.R. 390 (1983).
De acuerdo con lo anterior, un abogado no debe asumir la representación legal de un cliente cuando es consciente de que no puede rendir una labor idónea y competente. Esto incluye las situaciones en las que el estado anímico del abogado lo incapacita para atender el caso. In re Díaz Alonso, Jr., 115 D.P.R. 755 (1984). En consecuencia, un abogado que acepta un caso y luego no demuestra la competencia y diligencia que se le exige en el ejercicio de la abogacía infringe su deber ético. Dicho de otro modo, la desidia, despreocupación, inacción y displicencia como patrón de conducta violenta las disposiciones del Código de Ética Profesional. In re Padilla Pérez, 135 D.P.R. 770 (1994); In re Arana Arana, 112 D.P.R. 838 (1982).
Entre las conductas que contravienen los principios establecidos en el Canon 18 del Código de Ética Profesional, supra, se encuentran: (1) no comparecer a los señalamientos del tribunal; (2) no contestar los interrogatorios sometidos; (3) no informar a las partes sobre la presentación de un perito; (4) desatender o abandonar el caso; (5) permitir que expire el término prescriptivo o jurisdiccional de una acción; (6) cualquier tipo de actuación negligente que pueda conllevar o, en efecto, resulte en la desestimación o archivo del caso. In re Collazo I, 159 D.P.R. 141 (2003). Así, hemos enfatizado que desatender o abandonar un caso infringe el principio de diligencia reco *799 gido en el citado Canon 18. In re Ortiz López, supra; In re Roca Rosselli, 164 D.P.R. 380 (2005); In re Díaz Santiago, 164 D.P.R. 41 (2005). Por lo tanto, un abogado no debe desatender un litigio al extremo de que por su inactividad se archive el mismo, lo cual, de ordinario, acarrea, cuando menos, una suspensión del ejercicio de la profesión. In re Rosario, 116 D.P.R. 462 (1985).
De otra parte, no mantener informado al cliente constituye uno de los ejemplos más claros de violación al deber de representar al cliente con fidelidad, lealtad y diligencia. In re Cardona Vázquez, 108 D.P.R. 6 (1978). El Canon 19 del Código de Etica Profesional, supra, en lo pertinente dispone que “[e]l abogado debe mantener a su cliente siempre informado de todo asunto importante que surja en el desarrollo del caso que le ha sido encomendado”. Tal deber es indispensable para el bienestar de la relación abogado-cliente, la cual se caracteriza por ser de la mayor confianza. In re Hernández Nazario, 159 D.P.R. 63 (2003). Precisamente, hemos resuelto que una sentencia de archivo, que pone fin a la causa de acción, es uno de los asuntos que el abogado debe informar inmediatamente a su cliente. In re Cardona Ubiñas, 146 D.P.R. 598 (1998); Colón Prieto v. Géigel, 115 D.P.R. 232 (1984). Tal omisión podría conllevar la suspensión del ejercicio de la abogacía. In re Ortiz Velázquez, 145 D.P.R. 308 (1998); In re Maduro Classen, 142 D.P.R. 611 (1997).
Cónsono con los deberes mencionados anteriormente, el Canon 35 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, dispone como requisitos que el abogado actúe con sinceridad y honradez ante los tribunales y con sus clientes. Ello se exige para preservar el honor y la dignidad de la profesión, ya que el compromiso de un abogado con la verdad debe ser siempre incondicional. In re Fernández de Ruiz, 167 D.P.R. 661 (2006). Tal deber se infringe con el simple hecho de faltar a la verdad, independientemente de los motivos que tenga el abogado. In re Astacio Caraballo, 149 D.P.R. 790 (1999).
*800 Por su parte, el Canon 9 del Código de Ética Profesional, supra, establece que los abogados tienen la obligación de observar una conducta de mayor respeto hacia los tribunales. Es inherente a tal deber atender pronta y diligentemente las órdenes del tribunal y comparecer a los señalamientos judiciales relacionados con la tramitación de las causas de sus clientes. In re Soto Colón, 155 D.P.R. 623 (2001). De igual forma, según el Canon 12 del Código de Ética Profesional, supra, a los abogados se les requiere comparecer y atender las órdenes del tribunal. Dicho deber es extensivo a todas las etapas del litigio para no causar dilaciones indebidas en la tramitación y solución de los casos. In re Rodríguez Villalba, 160 D.P.R. 774 (2003).
En conclusión, reiteramos que un abogado que acepta un caso y no demuestra la competencia y diligencia que exige la profesión, y no mantiene al cliente informado de los desarrollos del caso, incurre en violación seria de la ética profesional. In re Verdejo Roque, 145 D.P.R. 83 (1998). Asimismo, desatender las órdenes del tribunal y no comparecer a las vistas pautadas constituye una falta de respeto al tribunal porque infringe los deberes éticos consagrados en los Cánones 9 y 12 del Código de Ética Profesional, supra.
Ill
En el presente caso, Vilches López admitió que fue negligente en la tramitación del pleito de las querellantes al no realizar ninguna gestión ulterior a la presentación de la demanda y el diligenciamiento de los emplazamientos. Asimismo, aceptó haberse ausentado de las vistas y no haber contestado las órdenes del tribunal. Además, reconoció no haber informado a las querellantes de la desestimación de su caso. No cabe duda de que las actuaciones de Vilches López se caracterizaron por un alto grado de descuido y negligencia en el desempeño de sus funciones como abo *801 gado, violando de esa manera los deberes establecidos en los citados Cánones 9, 12, 18, 19 y 35 del Código de Ética profesional.
Pese a lo anterior, hemos reconocido ciertos criterios atenuantes que podemos considerar a la hora de disciplinar a un abogado. Así, por ejemplo, hemos señalado que la reputación del abogado en la comunidad, el historial previo, la aceptación de la falta y su sincero arrepentimiento pueden ser factores a considerar para imponer una sanción menos severa. In re Bryan, Vargas, 150 D.P.R. 1 (2000). En este caso, precisamente, Vilches López pidió disculpas y expresó su sincero arrepentimiento. Además, intentó indemnizar a las querellantes por los daños que su negligencia les pudo causar. Finalmente resulta importante el hecho de que la acción fue presentada nuevamente y culminó en una transacción a favor del menor. Todos estos elementos, sin duda, afectan nuestra determinación con respecto a la medida disciplinaria aplicable a Vilches López. In re Quiñones Ayala, 165 D.P.R. 138 (2005); In re Pagán Ayala, 117 D.P.R. 180 (1986).
En atención a todo lo anterior, suspendemos a Vilches López del ejercicio de la abogacía por el término de tres meses por su desidia en el ejercicio de la profesión. Se le apercibe de que su incumplimiento con los deberes éticos en el futuro puede conllevar una sanción más severa. El Alguacil General de este Tribunal deberá incautarse de la obra y sello notarial de Vilches López y entregarlos a la Directora de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Se dictará la sentencia correspondiente.

La Juez Asociada Señora Rodríguez Rodríguez hace constar que está sustancialmente de acuerdo con la ponencia, pero estima que la suspensión debe ser por sólo un (1) mes.