EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:  Edgardo Ortiz Delgado | 2013 TSPR 135  189 DPR ____ |
|---|---|

Número del Caso: CP-2013-13

Fecha: 22 de noviembre de 2013

Abogado del Querellado:

       Por derecho Propio

Oficina de la Procuradora General:

       Lcda. Karla Z. Pacheco Álvarez
       Subprocuradora General

       Lcda. Edna E. Rodríguez Benítez
       Procuradora General Auxiliar

Materia: Conducta Profesional – Censura Enérgica

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Edgardo Ortiz Delgado                    CP-2013-13

PER CURIAM

San Juan, Puerto Rico, a 22 de noviembre de 2013.

En esta ocasión, tenemos ante nuestra consideración la conducta desplegada por un abogado que cobró y retuvo $2,000 por representar a un cliente en un procedimiento administrativo, a pesar de que no hizo gestión alguna a esos efectos. Evidentemente, su conducta violó los Cánones 18 y 23 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX. Sin embargo, por mediar atenuantes a su favor, censuramos enérgicamente al Lcdo. Edgardo Ortiz Delgado.

I.

El licenciado Ortiz Delgado fue admitido al ejercicio de la abogacía el 23 de enero de 2003 y al de la notaría el 14 de febrero de ese mismo año.

El Sr. Juan D. Rodríguez Arroyo presentó una queja juramentada ante este foro contra el licenciado Ortiz Delgado. Alegó que en el año 2003 lo contrató para que le representara en un procedimiento administrativo contra la Unión de Trabajadores de la Industria Eléctrica y Riego (UTIER) y la Autoridad de Energía Eléctrica (AEE). A esos efectos, le pagó $2,000 por concepto de honorarios de abogado.

Sostuvo el quejoso que el licenciado Ortiz Delgado le indicaba que estaba trabajando en el caso, pero que nunca realizó la labor para la cual fue contratado. Eventualmente, el señor Rodríguez Arroyo le pidió la devolución de su expediente y de los honorarios pagados. Ante la inacción del abogado, el señor Rodríguez Arroyo presentó por derecho propio una acción en cobro de dinero en su contra. Juan Damián Rodríguez y Eva Vázquez Rodríguez v. Lcdo. Edgardo Ortiz Delgado, Civil Núm. Cm2005-138 (Regla 60). Finalmente, el licenciado Ortiz Delgado pagó la cantidad reclamada y el caso se transigió en el año 2005.

En su contestación a la queja, el licenciado Ortiz Delgado alegó que el quejoso no le entregó la evidencia necesaria para iniciar el procedimiento administrativo y que, debido a una situación familiar difícil, se vio impedido de trabajar sus casos.

Posteriormente, la Oficina de la Procuradora General presentó su Informe y señaló que, de los documentos que el abogado presentó junto a su contestación a la queja, surge que este tenía información suficiente para iniciar la labor

encomendada, contrario a lo alegado por el letrado durante el procedimiento disciplinario. Además, la Procuradora General sostuvo que, si el abogado entendía lo contrario, debió renunciar a la representación legal y devolver el expediente y los honorarios cobrados. Por consiguiente, entendió que el licenciado Ortiz Delgado pudo haber incurrido en violación al Canon 18 de Ética Profesional, *supra*. En cuanto a la devolución de los $2,000 pagados por concepto de honorarios, señaló que dicha cantidad fue devuelta en su totalidad, aunque tardíamente.

Tras evaluar el Informe y las reacciones del quejoso y el licenciado Ortiz Delgado, ordenamos que la Procuradora General presentara la querella correspondiente. Así lo hizo y le imputó el cargo siguiente:

> El licenciado Edgardo Ortiz Delgado faltó a los deberes de diligencia y competencia dispuestos en el Canon 18 de Ética Profesional, 4 L.P.R.A. Ap. IX, al no realizar la gestión para la cual fue contratado y posteriormente obligar a su cliente a recurrir al tribunal para lograr el reembolso de los honorarios que había cobrado.

El licenciado Ortiz Delgado presentó su contestación a la querella.[1] En vista de que el querellado admitió haber incurrido en la conducta imputada, asumió responsabilidad y expresó su arrepentimiento, estamos en posición de resolver sin procedimientos ulteriores. Regla 14 del Reglamento del Tribunal Supremo, 4 L.P.R.A. Ap. XXI-B.

---

[1] En su Contestación a Querella, el licenciado Ortiz Delgado expresó lo siguiente: **"Erré.** Lo asumimos con humildad, pero también convencidos de que es lo correcto. Fuera producto de mis circunstancias personales o profesionales durante esos años, soy el único responsable de mis actos. Mirando hacia atrás, debí haber renunciado a la representación legal del Sr. Rodríguez".

II.

El Código de Ética Profesional, *supra*, recoge unas normas mínimas de conducta que promueven que los abogados y las abogadas se desempeñen personal y profesionalmente conforme a los más altos principios de conducta decorosa para beneficio de la ciudadanía, la profesión y las instituciones de justicia. In re Soto Charraire, 186 D.P.R. 1019, 1027 (2012); In re Mulero Fernández, 174 D.P.R. 18, 28 (2008). En lo pertinente a la querella que hoy atendemos, el Canon 18 de Ética Profesional, *supra*, establece lo siguiente:

> Será impropio de un abogado asumir una representación profesional cuando está consciente de que no puede rendir una labor idónea competente y que no puede prepararse adecuadamente sin que ello apareje gastos o demoras irrazonables a su cliente o a la administración de la justicia.

> Es deber del abogado defender los intereses del cliente diligentemente, desplegando en cada caso su más profundo saber y habilidad y actuando en aquella forma que la profesión jurídica en general estima adecuada y responsable. Íd.

De esta forma, el canon citado impone a los abogados y las abogadas el deber de ser competentes, cuidadosos y diligentes al tramitar los asuntos encomendados y al defender los intereses de sus clientes. In re Soto Charraire, *supra*; In re Plaud González, 181 D.P.R. 874, 886-887 (2011). Ello supone que el abogado o la abogada se desempeñe con esmero durante todo el desarrollo del caso, ya que la profesión que ejerce no es compatible con la despreocupación y la desidia. In re Vega Quintana, 2013 T.S.P.R. 62, 188 D.P.R. ____ (2013); In re Padilla Pérez, 135 D.P.R. 770, 775 (1994). Consecuentemente, el abogado o la abogada que acepta

representar a un cliente para la presentación de una demanda, pero no hace gestión profesional alguna a esos efectos, comete una violación ética. In re Soto Charraire, *supra*; In re Alonso Santiago, 165 D.P.R. 555, 563 (2005).

Por otro lado, el Canon 23 de Ética Profesional, *supra*, dispone que: "[l]a naturaleza fiduciaria de las relaciones entre abogado y cliente exige que éstas estén fundadas en la honradez absoluta. En particular, debe darse pronta cuenta del dinero u otros bienes del cliente que vengan a su posesión y no debe mezclarlos con sus propios bienes ni permitir que se mezclen". Partiendo de esta disposición, hemos reiterado que la dilación en la devolución de fondos pertenecientes al cliente viola el canon mencionado, aunque el abogado o la abogada no tenga intención de apropiárselos. In re Colón Hernández, 2013 T.S.P.R. 91, 188 D.P.R. ___ (2013); In re Reyes Vidal, 184 D.P.R. 781, 785 (2012).

Al momento de determinar si un abogado o abogada debe ser sancionado por conducta antiética, es meritorio recordar que los procesos disciplinarios interfieren con el interés propietario que los abogados y las abogadas tienen en el ejercicio de su profesión, por lo que estos tienen derecho a las garantías del debido proceso de ley. In re Soto Charraire, *supra*; In re Ríos Ríos, 175 D.P.R. 57, 75 (2008). Esas garantías incluyen el que se notifique adecuadamente a todo abogado y toda abogada los cargos que pesan en su contra en un proceso disciplinario. In re Martínez Almodóvar, 180 D.P.R. 805, 821 (2011); Salvá Santiago v. Torres Padró, 171 D.P.R. 332, 343 (2007). Por ende, enmendar tácitamente la

querella a base de la prueba presentada para añadir violaciones que no fueron imputadas originalmente viola el debido proceso de ley del querellado o la querellada. In re Pérez Riveiro, 180 D.P.R. 193, 200-201 (2010).

No obstante, de entenderlo apropiado, el Tribunal podrá evaluar conducta antiética identificada luego de iniciado el procedimiento disciplinario cuando del expediente surja que se ha salvaguardado al querellado o querellada su debido proceso de ley. In re Martínez Almodóvar, supra, págs. 825-26. Es decir, el Tribunal evaluará si se notificó adecuadamente al abogado o abogada la conducta impropia adicional, si se le brindó oportunidad de presentar prueba a su favor y si se le permitió examinar la prueba presentada en su contra y contrainterrogar los testigos presentados por la parte contraria. Íd., pág. 825.

Por último, para determinar qué sanción disciplinaria imponer a un abogado o abogada por conducta impropia, debemos considerar su historial profesional. In re Colón Morera, 172 D.P.R. 49, 59 (2007); In re Arroyo Rivera, 148 D.P.R. 354, 361 (1999). Para ello, podemos evaluar: (1) su buena reputación en la comunidad; (2) si se trata de su primera falta y si ninguna parte ha resultado perjudicada; (3) la aceptación de su error y su sincero arrepentimiento; (4) si se trata de una conducta aislada; (5) si medió ánimo de lucro en su actuación; (6) si resarció al cliente; y (7) cualesquiera otras consideraciones, atenuantes o agravantes, que medien de acuerdo con los hechos. In re Colón Morera,

*supra*; In re Padilla Rodríguez, 145 D.P.R. 536 (1998). Véase, además, In re Valentín Custodio, 187 D.P.R. 529 (2012).

También es pertinente al caso de marras analizar las sanciones que hemos impuesto anteriormente a abogados y abogadas que han violado los Cánones 18 y 23 de Ética Profesional, *supra*. En In re Arroyo Ramos, 159 D.P.R. 284 (2003), amonestamos a una abogada por cobrar $500 en honorarios de abogado y no realizar la gestión para la que fue contratada. Además de los Cánones 18 y 23, *supra*, violó el Canon 19 de Ética Profesional, *supra*.

Por otra parte, en In re Vega Quintana, 2013 T.S.P.R. 62, 188 D.P.R. ___ (2013), censuramos enérgicamente a una abogada por desatender órdenes del Tribunal de Primera Instancia y provocar la desestimación sin perjuicio del caso para el que fue contratada. Le ordenamos devolver $150 que recibió en honorarios. También se le imputó violar el Canon 19 de Ética Profesional, *supra*.

Por último, en In re Colón Hernández, 2013 T.S.P.R. 91, 188 D.P.R. ___ (2013), suspendimos a un abogado por un año por violar el Canon 23 de Ética Profesional, *supra*, al cobrar y retener $15,000.

### III.

El licenciado Ortiz Delgado aceptó haber incurrido en la conducta imputada en la querella presentada en su contra: "no realizar la gestión para la cual fue contratado y posteriormente obligar a su cliente a recurrir al tribunal para lograr el reembolso de los honorarios que había cobrado". Cargo I, Querella, pág. 2. Ciertamente, esta

conducta viola el deber de diligencia y competencia dispuesto en el Canon 18 de Ética Profesional, *supra*.

Por otra parte, a pesar de que el Cargo I de la Querella no menciona el Canon 23 de Ética Profesional, *supra*, la querella siempre imputó al querellado incurrir en conducta antiética al no rembolsar los honorarios cobrados al señor Rodríguez Arroyo y obligarlo a recurrir al Tribunal para recuperar su dinero. Entendemos que ello constituye una notificación adecuada de la conducta imputada y que se garantizó al licenciado Ortiz Delgado todas las garantías del debido proceso de ley. Este tuvo oportunidad de negar lo alegado en su contra y presentar prueba a su favor. Sin embargo, aceptó lo imputado y asumió responsabilidad por ello. Como expusimos anteriormente, la dilación en la devolución de fondos pertenecientes al cliente viola el canon mencionado. Véanse In re Colón Hernández, *supra*; In re Reyes Vidal, *supra*. Por tanto, entendemos que la conducta del querellado también violó el Canon 23 de Ética Profesional, *supra*.

Concluido lo anterior, solo resta determinar qué sanción imponer al licenciado Ortiz Delgado a la luz de los factores que enumeramos en el acápite anterior. Surge de su expediente que existen atenuantes a su favor: se trata de la primera falta del querellado en su carrera jurídica, este aceptó su error y expresó su arrepentimiento y devolvió los honorarios cobrados por servicios no prestados al quejoso, aunque tardíamente. De otro lado, no surge del expediente que la inacción del querellado en el procedimiento administrativo

para el cual fue contratado hubiera causado daños al quejoso. De hecho, la única acción que incoó el señor Rodríguez Arroyo en los tribunales fue la acción de cobro de dinero, la cual fue transigida.

Siendo así, tomando en consideración la conducta del licenciado Ortiz Delgado y los atenuantes mencionados anteriormente, consideramos que este caso se asemeja más a los precedentes de In re Arroyo Ramos, *supra*, donde impusimos como sanción una amonestación, e In re Vega Quintana, *supra*, donde censuramos enérgicamente a la abogada querellada.

Por todo lo anterior, censuramos enérgicamente al Lcdo. Edgardo Ortiz Delgado. Le apercibimos que, de incurrir nuevamente en conducta antiética, seremos más severos en nuestra sanción.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:


Edgardo Ortiz Delgado                    CP-2013-13


SENTENCIA


San Juan, Puerto Rico, a 22 de noviembre de 2013.


Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, censuramos enérgicamente al Lcdo. Edgardo Ortiz Delgado. Le apercibimos que, de incurrir nuevamente en conducta antiética, seremos más severos en nuestra sanción.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo Interina. La Jueza Asociada señora Pabón Charneco suspendería al licenciado Ortiz Delgado por el término de seis meses. El Juez Asociado señor Rivera García suspendería al querellado por el término de un año.


Camelia Montilla Alvarado
Secretaria del Tribunal Supremo Interina