per curiam:
En esta ocasión, tenemos ante nuestra con-sideración la conducta desplegada por un abogado que co-bró y retuvo $2,000 por representar a un cliente en un procedimiento administrativo, a pesar de que no hizo ges-tión alguna a esos efectos. Evidentemente, su conducta violó los Cánones 18 y 23 del Código de Ética Profesional, 4 LPRA Ap. IX. Sin embargo, por mediar atenuantes a su favor, censuramos enérgicamente al Ledo. Edgardo Ortiz Delgado.
I
El licenciado Ortiz Delgado fue admitido al ejercicio de la abogacía el 23 de enero de 2003 y al de la notaría el 14 de febrero de ese mismo año. El Sr. Juan D. Rodríguez Arroyo presentó una queja juramentada ante este Foro contra el licenciado Ortiz Delgado. Alegó que en el 2003 lo contrató para que le representara en un procedimiento ad-ministrativo contra la Unión de Trabajadores de la Indus-tria Eléctrica y Riego (UTIER) y la Autoridad de Energía Eléctrica (AEE). A esos efectos, le pagó $2,000 por honora-rios de abogado.
Sostuvo el quejoso que el licenciado Ortiz Delgado le indicaba que estaba trabajando en el caso, pero que nunca realizó la labor para la cual fue contratado. Eventual-mente, el señor Rodríguez Arroyo le pidió la devolución de su expediente y de los honorarios pagados. Ante la inacción del abogado, el señor Rodríguez Arroyo presentó por derecho propio una acción en cobro de dinero en su contra. Juan Damián Rodríguez y Eva Vázquez Rodríguez v. Lcdo. Edgardo Ortiz Delgado, Civil Núm. Cm2005-138 (Regla 60). Finalmente, el licenciado Ortiz Delgado pagó la cantidad reclamada y el caso se transigió en el 2005.
En su contestación a la queja, el licenciado Ortiz Del *829 gado alegó que el quejoso no le entregó la evidencia nece-saria para iniciar el procedimiento administrativo y que, debido a una situación familiar difícil, se vio impedido de trabajar sus casos.
Posteriormente, la Oficina de la Procuradora General presentó su informe y señaló que, de los documentos que el abogado presentó junto a su contestación a la queja, surge que este tenía información suficiente para iniciar la labor encomendada, contrario a lo alegado por el letrado durante el procedimiento disciplinario. Además, la Procuradora General sostuvo que, si el abogado entendía lo contrario, debió renunciar a la representación legal y devolver el expediente y los honorarios cobrados. Por consiguiente, entendió que el licenciado Ortiz Delgado pudo haber incurrido en violación al Canon 18 del Código de Ética Profesional, supra. En cuanto a la devolución de los $2,000 pagados por honorarios, señaló que esa cantidad fue devuelta en su totalidad, aun-que tardíamente.
Tras evaluar el informe y las reacciones del quejoso y el licenciado Ortiz Delgado, ordenamos que la Procuradora General presentara la querella correspondiente. Así lo hizo y le imputó el cargo siguiente:
El licenciado Edgardo Ortiz Delgado faltó a los deberes de diligencia y competencia dispuestos en el Canon 18 de Ética Profesional, 4 LPEA Ap. IX, al no realizar la gestión para la cual fue contratado y posteriormente obligar a su cliente a recurrir al tribunal para lograr el reembolso de los honorarios que había cobrado.
El licenciado Ortiz Delgado presentó su contestación a la querella.(1) En vista de que el querellado admitió haber incurrido en la conducta imputada, asumió responsabili- *830 dad y expresó su arrepentimiento, estamos en posición de resolver sin procedimientos ulteriores. Regla 14 del Reglamento del Tribunal Supremo, 4 LPRA Ap. XXI-B.
II
El Código de Ética Profesional recoge unas nor-mas mínimas de conducta que promueven el desempeño personal y profesional de los abogados y las abogadas conforme a los más altos principios de conducta decorosa para el beneficio de la ciudadanía, la profesión y las instituciones de justicia. In re Soto Charraire, 186 DPR 1019, 1027 (2012); In re Mulero Fernández, 174 DPR 18, 28 (2008). En lo pertinente a la querella que hoy atendemos, el Canon 18 del Código de Ética Profesional, supra, establece lo siguiente:
Será impropio de un abogado asumir una representación profesional cuando está consciente de que no puede rendir una labor idónea competente y que no puede prepararse adecuada-mente sin que ello apareje gastos o demoras irrazonables a su cliente o a la administración de la justicia.
Es deber del abogado defender los intereses del cliente dili-gentemente, desplegando en cada caso su más profundo saber y habilidad y actuando en aquella forma que la profesión jurí-dica en general estima adecuada y responsable.
De esta forma, el canon citado impone a los abogados y las abogadas el deber de ser competentes, cuidadosos y diligentes al tramitar los asuntos encomendados y al defender los intereses de sus clientes. In re Soto Charraire, supra; In re Plaud González, 181 DPR 874, 886-887 (2011). Ello supone que el abogado o la abogada se desempeñe con esmero durante todo el desarrollo del caso, ya que la profesión que ejerce no es compatible con la despreocupación y la desidia. In re Vega Quintana, 188 DPR 536 (2013); In re Padilla Pérez, 135 DPR 770, 775 (1994). Consecuentemente, el abogado o la abogada que acepta representar a un cliente para la presentación de una demanda, pero no *831 hace gestión profesional alguna a esos efectos, comete una violación ética. In re Soto Charraire, supra; In re Alonso Santiago, 165 DPR 555, 563 (2005).
Por otro lado, el Canon 23 del Código de Ética Profesional, supra, dispone que “[l]a naturaleza fiduciaria de las relaciones entre abogado y cliente exige que éstas estén fundadas en la honradez absoluta. En particular, debe darse pronta cuenta del dinero u otros bienes del cliente que vengan a su posesión y no debe mezclarlos con sus propios bienes ni permitir que se mezclen”. Partiendo de esta disposición, hemos reiterado que la dilación en la devolución de fondos pertenecientes al cliente viola el canon mencionado, aunque el abogado o la abogada no tenga intención de apropiárselos. In re Colón Hernández, 189 DPR 275 (2013); In re Reyes Vidal, 184 DPR 781, 785 (2012).
Al momento de determinar si un abogado o una abogada debe ser sancionado o sancionada por conducta antiética, es meritorio recordar que los procesos disciplinarios interfieren con el interés propietario que los abogados y las abogadas tienen en el ejercicio de su profesión, por lo que tienen derecho a las garantías del debido proceso de ley. In re Soto Charraire, supra; In re Ríos Ríos, 175 DPR 57, 75 (2008). Esas garantías incluyen el que se notifique adecuadamente a todo abogado y toda abogada los cargos que pesan en su contra en un proceso disciplinario. In re Martínez Almodóvar, 180 DPR 805, 821 (2011); Salvá Santiago v. Torres Padró, 171 DPR 332, 343 (2007). Por ende, enmendar tácitamente la querella a base de la prueba presentada para añadir violaciones que no fueron imputadas originalmente viola el debido proceso de ley del querellado o la querellada. In re Pérez Riveiro, 180 DPR 193, 200-201 (2010).
No obstante, de entenderlo apropiado, el Tribunal podrá evaluar una conducta antiética identificada luego de ini-ciado el procedimiento disciplinario cuando del expediente surja que se ha salvaguardado al querellado o querellada su *832 debido proceso de ley. In re Martínez Almodóvar, supra, págs. 825-826. Es decir, el Tribunal evaluará si se notificó adecuadamente al abogado o a la abogada la conducta im-propia adicional, si se le brindó oportunidad de presentar prueba a su favor y si se le permitió examinar la prueba presentada en su contra y contrainterrogar los testigos pre-sentados por la parte contraria. Id., pág. 825.
Por último, para determinar qué sanción disciplinaria imponer a un abogado o a una abogada por conducta impropia, debemos considerar su historial profesional. In re Colón Morera, 172 DPR 49, 59 (2007); In re Arroyo Rivera, 148 DPR 354, 361 (1999). Para ello, podemos evaluar: (1) su buena reputación en la comunidad; (2) si se trata de su primera falta y si ninguna parte ha resultado perjudicada; (3) la aceptación de su error y su sincero arrepentimiento; (4) si se trata de una conducta aislada; (5) si medió ánimo de lucro en su actuación; (6) si resarció al cliente, y (7) cualesquiera otras consideraciones, atenuantes o agravantes, que medien de acuerdo con los hechos. In re Colón Morera, supra; In re Padilla Rodríguez, 145 DPR 536 (1998). Véase, además, In re Valentín Custodio, 187 DPR 529 (2012).
También es pertinente al caso de marras analizar las sanciones que hemos impuesto anteriormente a abogados y abogadas que han violado los Cánones 18 y 23 del Código de Ética Profesional, supra. En In re Arroyo Ramos, 159 DPR 284 (2003), amonestamos a una abogada por cobrar $500 en honorarios de abogado y no realizar la gestión para la que fue contratada. Además de los Cánones 18 y 23, supra, violó el Canon 19 del Código de Ética Profesional, supra.
Por otra parte, en In re Vega Quintana, supra, censuramos enérgicamente a una abogada por desatender órdenes del Tribunal de Primera Instancia y provocar la desestima-ción sin perjuicio del caso para el que fue contratada. Le ordenamos devolver $150 que recibió en honorarios. Tam-bién se le imputó violar el Canon 19 del Código de Ética Profesional, supra.
*833 Por último, en In re Colón Hernández, supra, suspendimos a un abogado por un año por violar el Canon 23 del Código de Etica Profesional, supra, al cobrar y retener $15,000.
III
El licenciado Ortiz Delgado aceptó haber incurrido en la conducta imputada en la querella presentada en su contra: “no realizar la gestión para la cual fue contratado y poste-riormente obligar a su cliente a recurrir al tribunal para lograr el reembolso de los honorarios que había cobrado”. Cargo I, Querella, pág. 2. Ciertamente, esta conducta viola el deber de diligencia y competencia dispuesto en el Canon 18 del Código de Etica Profesional, supra.
Por otra parte, a pesar de que el Cargo I de la Querella no menciona el Canon 23 del Código de Etica Profesional, supra, la querella siempre imputó al querellado incurrir en conducta antiética al no rembolsar los honorarios cobrados al señor Rodríguez Arroyo y obligarlo a recurrir al Tribunal para recuperar su dinero. Entendemos que ello constituye una notificación adecuada de la conducta imputada y que se garantizó al licenciado Ortiz Delgado todas las garan-tías del debido proceso de ley. Este tuvo oportunidad de negar lo alegado en su contra y presentar prueba a su favor. Sin embargo, aceptó lo imputado y asumió responsa-bilidad por ello. Como expusimos, la dilación en la devolución de fondos pertenecientes al cliente viola el canon mencionado. Véanse In re Colón Hernández, supra; In re Reyes Vidal, supra. Por lo tanto, entendemos que la con-ducta del querellado también violó el Canon 23 del Código de Etica Profesional, supra.
Concluido lo anterior, solo resta determinar qué sanción imponer al licenciado Ortiz Delgado a la luz de los factores que enumeramos en el acápite anterior. Surge de su expe-diente que existen atenuantes a su favor: se trata de la *834 primera falta del querellado en su carrera jurídica, este aceptó su error y expresó su arrepentimiento y devolvió los honorarios cobrados por servicios no prestados al quejoso, aunque tardíamente. De otro lado, no surge del expediente que la inacción del querellado en el procedimiento adminis-trativo para el cual fue contratado hubiera causado daños al quejoso. De hecho, la única acción que incoó el señor Rodríguez Arroyo en los tribunales fue la acción de cobro de dinero, la cual fue transigida.
Siendo así, tomando en consideración la conducta del licenciado Ortiz Delgado y los atenuantes mencionados, consideramos que este caso se asemeja más a los precedentes de In re Arroyo Ramos, supra, donde impusimos como sanción una amonestación, e In re Vega Quintana, supra, donde censuramos enérgicamente a la abogada querellada.
Por todo lo anterior, censuramos enérgicamente al Lcdo. Edgardo Ortiz Delgado. Le apercibimos que, de incurrir nuevamente en conducta antiética, seremos más severos en nuestra sanción.

Se dictará Sentencia de conformidad.

La Jueza Asociada Señora Pabón Charneco suspendería al licenciado Ortiz Delgado por el término de seis meses. El Juez Asociado Señor Rivera García suspendería al quere-llado por el término de un año.

 En su Contestación a Querella, el licenciado Ortiz Delgado expresó lo si-guiente: “Erré. Lo asumimos con humildad, pero también convencidos de que es lo correcto. Fuera producto de mis circunstancias personales o profesionales durante esos años, soy el único responsable de mis actos. Mirando hacia atrás, debí haber renunciado a la representación legal del Sr. Rodríguez”.